**STATE of Maine**

v.

**Peter R. HANSON.**

Supreme Judicial Court of Maine.

July 23, 1975.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Asst. Dist. Atty., Portland, for plaintiff.

Lowry & Platt by Donald Grey Lowry, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

This appeal arises as the result of a ruling by the Justice below punishing the appellant summarily for criminal contempt of court pursuant to Rule 42(a), M.R.Crim. P.[1] We deny the appeal.

The following committal order issued:

"Upon motion of the State in the case of *State v. [name withheld]*, Cumberland County Superior Court Docket No. [withheld], an order was issued by this court directing Peter R. Hanson to testify in said proceeding, the court having granted immunity to said Peter R. Hanson pursuant to 15 M.R.S.A. § 1314–A. The defendant having willfully refused to comply with the order of the court, the court in the presence of the defendant and his counsel adjudges that the defendant is in contempt of court.

The defendant having been asked if he had anything to say before sentence was pronounced and having been personally addressed by the court and the court having given consideration to the circumstances;

It is hereby ordered that the defendant be committed to the custody of the Sheriff of Cumberland County or his authorized representative and confined in the Cumberland County Jail for a period of 45 days.

This order to serve as the commitment of the defendant."[2]

### FACTS

On March 20, 1974, the appellant was convicted on a charge of receiving stolen property, namely, a pick-up truck recently stolen in the Commonwealth of Massachusetts, despite his testimony in that trial that he did not know the property was stolen. During sentencing in that case the presiding Justice expressed grave doubts concerning the truthfulness of appellant's sworn testimony.

---

1. "A criminal contempt may be punished summarily if the justice certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the justice and entered of record." Rule 42 (a), M.R.Crim.P.

2. The name of the case and its docket number have been deleted from this quotation in view of 16 M.R.S.A. § 600, which requires expungement of the record where there has been an acquittal, as was the case here.

Mr. Hanson was later called by the State as a witness in the case of *State v. [name withheld]*, a case arising from the theft of the vehicle previously mentioned. He responded to the first few questions put to him by the prosecutor but, when asked, "[a]nd have you ever done business with Mr. [name withheld]?", he refused to answer on the grounds of self-incrimination. The County Attorney then presented to the Court a written motion approved by the State Attorney General requesting that Mr. Hanson be granted statutory immunity and be compelled to testify. 15 M.R.S.A. § 1314–A.[3] The jury was then excused, a hearing was held on the motion, and the Justice below ruled:

> "The Court will grant the State's motion and will direct Mr. Hanson to testify with respect to all his knowledge concerning the matters set forth in the State's motion.

> I am granting to said Peter Hanson all of the privileges and immunities authorized by Section 1314–A, Title 15, of the Maine Revised statutes. Do you understand, Mr. Hanson, that I am directing you to answer all questions relative to the matters set forth in the State's motion which relates to the alleged transaction between yourself and Mr. [name withheld] relative to the purchase of this particular truck camper that is in issue?

I think in order that Mr. Hanson may have an opportunity to review this matter with his counsel and be fully advised as to what his rights are that we should recess at this time and reconvene at 1:30."

Upon his subsequent refusal to answer the identical question, he was deemed to be in contempt of court and committed to jail.

On appeal the following claims of error are asserted:

(1) The immunity granted by 15 M.R.S.A. § 1314–A is not coextensive with the Fifth Amendment privilege against self-incrimination in that,

(a) it does not prevent compelled testimony from being used in other jurisdictions, and

(b) it does not protect against possible prosecution for perjury previously committed.

(2) Article I, Section 6, of the Maine Constitution[4] requires that a witness be assured of *transactional* immunity in all jurisdictions before he can be forced to abandon his privilege against self-incrimination.

(3) The order of commitment did not certify that the presiding Justice saw or heard the conduct constituting the contempt, nor did it certify that such contempt

---

3. "In any criminal proceeding before a court or grand jury, if a person refuses to answer questions or produce evidence of any kind on the ground that he may be incriminated thereby, and if the prosecuting attorney, in writing, and with the written approval of the Attorney General, requests the court to order that person to answer the questions or produce the evidence, and the court after notice to the witness and hearing shall so order, unless it finds to do so would be clearly contrary to the public interest, that person shall comply with the order. After complying, and if, but for this section, he would have had the right to withhold the answers given or the evidence produced by him, that person shall not be prosecuted or subjected to penalty or forfeiture for or on account of any transaction, matter or thing concerning which, in accordance with the order, he gave answer or produced evidence. *Failure to answer questions or produce evidence as ordered by the court following notice and hearing shall constitute contempt of court.* He may nevertheless be prosecuted or subjected to penalty or forfeiture for any perjury, false swearing or contempt committed in answering, or failing to answer, or in producing or failing to produce evidence in accordance with the order." (Emphasis supplied.)

4. "[The accused] shall not be compelled to furnish or give evidence against himself . . . ." Art. I, § 6, Constitution of Maine.

was committed in the actual presence of the Court.[5]

## I(a)

The appellant contends that since the statutory immunity given him is not binding upon other jurisdictions, and because of the interstate character of the theft charged, he may be subject to prosecution in either the federal court, other state courts, or both.

The United States Supreme Court has specifically held that the government may not make use of testimony in the federal courts if it was compelled as the result of immunity granted by a state. *Murphy v. Waterfront Com'n of New York Harbor,* 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964).

■ Likewise, the appellant's testimony may not be used against him by a sister state. In *State v. Vickers,* 309 A.2d 324, 328 (Me.1973), we held that testimony induced as a result of a grant of immunity under 15 M.R.S.A. § 1314–A

"could not be used, directly or indirectly, in any future criminal prosecution in any court of the land, state or federal."

*See also State v. Castonguay,* 240 A.2d 747 (Me.1968).

The rule set forth in *Vickers* is not, as suggested by the appellant, one of mere comity. This is clear from a reading of *Murphy v. Waterfront Com'n of New York Harbor, supra.* Our study of *Murphy* convinces us that the "exclusionary rule" set forth therein is constitutionally mandated and not based on the Supreme Court's supervisory powers over the federal courts. The following excerpt indicates the broad base on which this exclusionary rule is based:

"[A]ny testimony elicited under threat of contempt by a government to whom the constitutional privilege against self-incrimination is applicable . . . may not constitutionally be admitted into evidence against him in any criminal trial conducted by a government to whom the privilege is also applicable. This statement, read in light of today's decision in Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, draws into question the continuing authority of the statements to the contrary in United States v. Murdock, 284 U.S. 141, 52 S.Ct. 63, 76 L.Ed. 210, and Feldman v. United States, [322 U.S. 487, 64 S.Ct. 1082, 88 L.Ed. 1408] supra. [footnote omitted]

Knapp v. Schweitzer, 357 U.S. 371, 78 S.Ct. 1302, 2 L.Ed.2d 1393, involved a state contempt conviction for a witness' refusal to answer questions, under a grant of state immunity, on the ground that his answers might subject him to prosecution under federal law. Petitioner claimed that 'the Fifth Amendment gives him the privilege, which he can assert against either a State or the National Government, against giving testimony that might tend to implicate him in a violation' of federal law. [Citation omitted.] The Court, applying the rule then in existence, denied petitioner's claim and declared that:

'It is plain that the [Fifth Amendment] can no more be thought of as restricting action by the States than as restricting the conduct of private citizens. The sole—although deeply valuable—purpose of the Fifth Amendment privilege against self-incrimination is the security of the individual against the exertion of the power of the Federal Government to compel incriminat-

---

5. We note that the authority of the Justice below to punish summarily for contempt under Rule 42(a), M.R.Crim.P., is not challenged. Indeed, if it had been, such effort would have been fruitless in view of *United States v. Wilson,* 421 U.S. 309, 95 S.Ct. 1802, 44 L.Ed.2d 186 (Opinion dated May 19, 1975.)

ing testimony with a view to enabling that same Government to convict a man out of his own mouth.' [Citation omitted.]

The Court has today rejected that rule, and with it, all the earlier cases resting on that rule.

The foregoing makes it clear that there is no continuing legal vitality to, or historical justification for, the rule that one jurisdiction within our federal structure may compel a witness to give testimony which could be used to convict him of a crime in another jurisdiction."

*Murphy v. Waterfront Com'n of New York Harbor,* 378 U.S. at 76, 77, 84 S.Ct. at 1608. *But cf. Elkins v. United States,* 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960).

### I(b)

■ Appellant contends that the comments of the presiding Justice at his own trial pose a threat that prosecution for perjury there committed may follow even though he has been granted immunity. It is clear from the broad transactional immunity granted by 15 M.R.S.A. § 1314–A that an immunized witness cannot be penalized as the result of any crimes disclosed by his ordered testimony. Thus, the appellant could not be prosecuted for perjury in the event that his answer did disclose perjury during his own trial. *State v. Vickers, supra.*

### II

■ We interpret appellant's argument as saying that, under Article I, Section 6, of the Maine Constitution, no statutory immunity can be legislatively enacted unless

6. *"In Gendron v. Burnham,* 1951, 146 Me. 387, 82 A.2d 773, 38 A.L.R.2d 210, our Court indicated that the two constitutional provisions (Article I, Section 6, Maine Constitution; Amendment V, Constitution of the United States) [footnote omitted] were so similar in nature and identical in purpose that precedent with respect to the construction of

it is of sufficient scope to guarantee transactional immunity in all jurisdictions, both state and federal.

Since *Kastigar v. United States,* 406 U. S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), found no Fifth Amendment infirmity in 18 U.S.C. §§ 6002–03, which can be characterized as a "use" immunity statute, and since we construe Article I, Section 6 of the Maine Constitution by the same standard,[6] it is clear that this provision does not constitutionally require granting the broadly expansive transactional immunity envisioned by the appellant. In short, the Maine Legislature could have constitutionally enacted a statute of the same tenor as that adopted by the Congress of the United States.

This argument is without merit.

### III

While the *record* discloses that the contemptuous conduct was committed in the actual presence of the presiding Justice and in open Court, the commitment order (hereinbefore quoted verbatim) does not expressly so *certify.* Thus, there has been a technical noncompliance with Rule 42(a), M.R.Crim.P. We held in *Alexander v. Sharpe,* 245 A.2d 279, 288 (Me.1968), that

"due process necessitates the filing of the certificate referred to in Rule 42(a)."

A remand for the filing of the required certificate is therefore necessary.

The entry is:

Appeal denied as to the first two claims of error and sustained as to the third; the case is remanded to the Superior Court for appropriate sentencing proceedings as mandated by *Alexander v. Sharpe, supra.*

All Justices concurring.

the one may well serve as precedent for the construction of the other. For our purposes, the State constitutional protection against self-incrimination is equivalent of the Fifth Amendment. *State v. Castonguay,* 1968, Me., 240 A.2d 747." *State v. Vickers,* 309 A.2d at 326.