COMMONWEALTH *vs.* ANTHONY J. SANTANIELLO.

Hampden. December 1, 1975. — January 29, 1976.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, & WILKINS, JJ.

*Witness,* Self-incrimination, Immunity. *Constitutional Law,* Self-incrimination. *Contempt.*

A witness who was granted immunity pursuant to G. L. c. 233, §§ 20C-20I, was obliged to answer questions put to him by a grand jury; the witness could not invoke the exclusionary rule on the ground that questions asked by the grand jury were the product of an illegal search and seizure. [607-608]

CONTEMPT PETITION filed in the Superior Court on August 2, 1974.

The case was heard by *Tamburello,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Bernard Manning,* Assistant Attorney General, for the Commonwealth.

*William K. Danaher, Jr.,* for the defendant, submitted a brief.

WILKINS, J. The defendant was found guilty of contempt for failure to answer questions put to him before a grand jury of Hampden County (grand jury) and was sentenced to six months in a house of correction or "until he complies with the order of the Court whichever first occurs." He has appealed under G. L. c. 233, § 20H, from the adjudication of contempt. We transferred the appeal here on our own motion. There was no error.

On April 1, 1974, the defendant was charged in the District Court of Springfield with being "concerned in setting up, managing and drawing a certain lottery" not authorized by law. He filed a motion to suppress certain evidence and for return of property. In May and June, the defendant refused on constitutional grounds to answer questions put to him before the grand jury. In July, before the defendant's motion to suppress had been acted on, the Commonwealth filed a "nolle prosequi" on the complaint against the defendant, stating that an application for witness immunity had been made to this court under G. L. c. 233, §§ 20C-20I. On July 26, 1974, an order was entered by a single justice of this court in which he found that the defendant had validly refused to answer questions before the grand jury on the ground that such evidence might tend to incriminate him concerning certain listed offenses. The order directed the defendant to answer the questions propounded to him and granted him immunity with respect to the listed offenses concerning which he was ordered to testify.

On July 30, 1974, the defendant again refused to answer questions before the grand jury, and a petition for contempt against the defendant was filed in the Superior Court. See G. L. c. 233, § 20H. At the conclusion of a hearing on August 2, 1974, the adjudication of contempt was made from which the defendant now appeals to this court, and execution of the sentence was stayed pending appeal.

The defendant's sole argument of any significance is based on his claim that the questions asked him were the

product of a search conducted in violation of his constitutional rights against unreasonable searches and seizures. Assuming (but not deciding) that there had been an unlawful search which produced evidence which prompted the grand jury's investigation and the defendant's appearance before it, the Superior Court judge ruled that the immunized defendant was obliged to answer the questions put to him. This ruling was correct. *United States* v. *Calandra,* 414 U.S. 338 (1974). In the *Calandra* case, the Court said "we believe that allowing a grand jury witness to invoke the exclusionary rule would unduly interfere with the effective and expeditious discharge of the grand jury's duties." *Id.* at 350. The result is the same under the Constitution of this Commonwealth.

*Judgment affirmed.*