COMMONWEALTH vs. BETTIE KREPLICK.

Suffolk. December 5, 1979. — January 9, 1980.

Present: HENNESSEY, C.J., QUIRICO, WILKINS, & LIACOS, JJ.

*Contempt. Practice, Criminal,* Subpoena duces tecum.

A finding was not warranted that a defendant was in contempt for failure
to comply with an order to produce records of a corporation of which
she was the clerk where there was no evidence that the subpoenaed
records were within her possession or control. [497]

PETITION for contempt filed in the Superior Court De-
partment on August 31, 1979.

The case was heard by *Prince, J.*

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Thomas E. Finnerty* for the defendant.

*Paul Cirel,* Assistant Attorney General (*Robert E.
Mydans,* Assistant Attorney General, with him) for the
Commonwealth.

LIACOS, J. The defendant, Bettie Kreplick, was adjudi-
cated in contempt by a judge of the Superior Court. She
took an appeal to the Appeals Court. We transferred the
appeal here on our own motion.

We summarize the facts as disclosed by the record. On
March 6, 1979, a special grand jury issued a subpoena duces
tecum addressed to the "Keeper of the Records, Dr. Joseph
Kreplick, M.D., P.C., 2871 Cranberry Highway, East
Wareham, Massachusetts." The defendant, clerk of the
corporation, appeared before the grand jury on March 15.
The defendant testified at that time that she was present in
response to the subpoena, but claimed, inter alia, the
privilege against self-incrimination in declining to answer

when asked if she was the keeper of the records for "Dr. Joseph Kreplick."[1] She did not produce the documents in question.[2] On March 29, 1979, the court, in response to a motion to compel, ordered the defendant to comply with the subpoena. On April 9, 1979, the defendant again appeared before the grand jury. At this time she denied that she was the keeper of the records, and failed to produce the records.

Between April, 1979, and August, 1979, the Commonwealth made repeated efforts to procure the records. On August 27, 1979, the Commonwealth moved for enforcement of the March 29 order. The court allowed the Commonwealth's motion, ordering the defendant to appear before the grand jury on August 31 and produce the records. The court further ordered that, in the event the defendant did not comply with its order to produce the documents at the grand jury on Friday, August 31, she must appear in Superior Court on August 31 for a hearing on the issue of contempt.

On August 30 the defendant, seeking a stay, secured appellate review of the August 27 court order before a Justice of the Appeals Court. The hearing resulted in a denial of the petition for a stay. However, the order was modified by an agreement to allow those documents which contained potentially privileged communications to be held by the defendant's counsel, after production, pending a plan by

---

[1] The question put did not specify that the records sought were those of a professional corporation. G. L. c. 156A. We assume the intent of the question to be an inquiry as to the records of the particular professional corporation, as it appears that the parties so treated it.

[2] The terms of the subpoena required the "Keeper of the Records" to appear and to "bring with him any and all books, records, papers, documents and all other writings of whatever form including but not limited to appointment books, patient, medical records MA-7 forms and all other invoices, within his possession, custody and control, relating to the publicly assisted patients of said Dr. Kreplick receiving service between January 1, 1974, and January 1, 1979." Although not in issue on this appeal, defendant raised successfully at a later stage of the proceedings the patient-psychotherapist privilege as to some of these records. G. L. c. 233, § 20B. See text, *infra* at 495-496.

the Commonwealth to examine the records without violating any privileges belonging to the patients named therein.

On August 31, the defendant again appeared before the grand jury, testified that she was not the keeper of the records, and failed to produce the subpoenaed records. By order of the court, the defendant then appeared in Superior Court whereupon the Commonwealth filed a petition requesting that the defendant be found in contempt. A hearing was held and the defendant's counsel denied she was the keeper of the records. The only evidence presented was the August 27 order to produce the records and the testimony of the grand jury stenographer.[3] The stenographer testified that the defendant had told the grand jury on August 31 that she was not the keeper of the records and had failed to produce the records. The defendant was adjudicated in contempt with sentencing stayed through September 5, in order to allow her an opportunity to purge the contempt.

The defendant appeared before the grand jury on September 5, and again failed to produce the records. A hearing on disposition was then held. The judge stated that he had conducted the proceedings of five days before under Mass. R. Crim. P. 44, 378 Mass. 920 (effective July 1, 1979), that he deemed the Commonwealth's petition to be a complaint under rule 44, and sentenced the defendant to five months' incarceration at the Massachusetts Correctional Institution at Framingham. The defendant appeared at various other times before the Superior Court judge and Justices of the Appeals Court. On September 26, a Justice of the Appeals Court stayed the execution of sentence pending this appeal.

---

[3] The judge indicated on September 5, 1979, at a hearing on disposition, that on August 31 he had relied, at least in part, on the March 29 order (entered by another judge) which was as follows: "It appear[s] that such records must be maintained by [42 U.S.C. 1396 (a), § 27], and are subject to audit by General Laws, Chapter 118E, Section 20, in consideration thereof, the witness Betty Kreplick be and hereby is ordered to comply with the subpoena and produce all records kept pursuant to the aforesaid statutes in the care of publicly assisted patients on or before April 9, 1979."

The petition of the Commonwealth to hold the defendant in contempt alleges that she was served with a subpoena duces tecum and that she did not produce the records called for in the subpoena, but it fails to allege that she had the power to comply. The Commonwealth points to no evidence at the August 27 hearing or at any other hearing including that of March 29, 1979, relative to the defendant being the keeper of the records. In fact, the only relevant evidence offered was the defendant's August 31 testimony before the grand jury that she was not the keeper of the records. The judge's findings and rulings do not indicate that he found the subpoenaed records to be within the defendant's possession or control on the basis of the evidence submitted before him.

We cannot uphold an adjudication of contempt in the total absence of evidence upon which such a finding could be based. It is well-settled that a person cannot be compelled to produce, under a subpoena, a document which is neither in his possession nor under his control; the burden falls on the government to establish such fact. *Traub* v. *United States*, 232 F.2d 43, 47 n.9 (D.C. Cir. 1955). *United States* v. *Patterson*, 219 F.2d 659, 662 (2d Cir. 1955). *Munroe* v. *United States*, 216 F. 107, 111-112 (1st Cir. 1914). Cf. *Sodones* v. *Sodones*, 366 Mass. 121, 130 (1974).

The Commonwealth apparently relied on the fact that the witness was the clerk of the professional corporation and the fact that she appeared "in response" to the subpoena as sufficient evidence that she was the keeper of the records. Reliance on the latter fact is insufficient evidence to show either that the witness was the keeper of the records or that she had the same in her control. As to the fact that she was the clerk of the corporation, G. L. c. 156B, § 48, only requires a clerk to maintain minutes of corporate meetings. See also G. L. c. 156A, § 8, stating that neither the clerk nor an assistant clerk of a professional corporation shall be deemed an officer thereof. We note that the clerk of a cor-

poration does not ordinarily maintain or control the kind of records sought by this subpoena duces tecum.[4]

We do not reach the defendant's further argument that she cannot be found in criminal contempt under Mass. R. Crim. P. 44, and sentenced to five months' incarceration without the benefit of a jury trial and other safeguards normally accorded to a defendant in a criminal case. We conclude that neither a civil nor a criminal contempt can be upheld on this record as it now stands. Accordingly, the judgment is reversed, the finding is set aside, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

[4] We add, although it is not dispositive in this case, that the record reflects no explicit ruling as to whether the witness' claim of the privilege against self-incrimination when asked if she was the keeper of the records, was meritorious. See *Curcio* v. *United States,* 354 U.S. 118 (1957).