COMMONWEALTH *vs.* ARTHUR RACZKOWSKI. March 8, 1985. *Contempt. Constitutional Law*, Contempt proceeding, Trial by jury. *Grand Jury. Witness*, Immunity.

On October 22, 1984, Arthur Raczkowski was called to testify before a Plymouth County grand jury which was conducting an investigation into the theft of cocaine from the Brockton police station earlier that year. After identifying himself and answering other preliminary questions, Raczkowski refused to answer further questions, asserting the privilege against self-incrimination afforded by the Fifth Amendment to the United States Constitution and by art. 12 of the Declaration of Rights of the Massachusetts Constitution. The Plymouth district attorney then applied for witness im-

---

munity for Raczkowski under G. L. c. 233, § 20E, which was granted by a single justice of the Supreme Judicial Court on November 8, 1984. Raczkowski's appeal of that grant is presently pending before the Supreme Judicial Court. On January 7, 1985, he was called before a second grand jury (the term of the first had expired), and he again refused to testify about the theft. He was brought before a Superior Court judge the following day, and was ordered to testify. Raczkowski refused. The judge found him in contempt under G. L. c. 233, § 20H, and sentenced him to imprisonment until he testified, but for not longer than three months. Raczkowski appeals from the contempt order.

1. Raczkowski argues that he was entitled to a jury trial on the contempt charge, even though G. L. c. 233, § 20H, provides no such right. Since he could terminate his imprisonment by testifying, the sentence was coercive, not punitive. It therefore constituted civil, not criminal, contempt. *Shillitani* v. *United States*, 384 U.S. 364, 365, 368-370 (1966). Cf. *Sodones* v. *Sodones*, 366 Mass. 121, 129-130 (1974); *Labor Relations Commn.* v. *Fall River Educators' Assn.*, 382 Mass. 465, 475-476 (1981). Whereas a constitutional right to a jury trial attaches to certain criminal contempts, *Bloom* v. *Illinois*, 391 U.S. 194, 201-210 (1968); *Taylor* v. *Hayes*, 418 U.S. 488, 495-496 (1974); *Matter of DeSaulnier (No. 3)*, 360 Mass. 769, 773-777 (1971), no right to a jury trial attaches to civil contempts. *Shillitani* v. *United States*, 384 U.S. at 370-371. *Matter of DeSaulnier (No. 3)*, 360 Mass. at 773. *United States* v. *Handler*, 476 F.2d 709, 714 (2d Cir. 1973). See also *Sodones* v. *Sodones*, 366 Mass. at 123, 130-131, where the court upheld, as against due process claims, a civil contempt order for imprisonment imposed by a judge without a jury trial. Cf. *Labor Relations Commission* v. *Fall River Educators' Assoc.*, 382 Mass. at 474-476.

2. Raczkowski next argues that his grant of immunity under G. L. c. 233, § 20E, applied only with regard to the grand jury at which he refused to testify on October 22, 1984, and did not extend to the second grand jury, at which he refused to testify on January 7, 1985. His immunity, he contends, expired upon the dismissal of the first grand jury; thus, he cannot be held in contempt for refusing to testify before the second grand jury, because his constitutional privilege against self-incrimination remained in existence. Neither G. L. c. 233, § 20E, nor G. L. c. 233, § 20G, imposes any such limitation on the grant of immunity. The single justice's grant of immunity in this case did not contain such a limitation. In *Commonwealth* v. *Donahue*, 369 Mass. 943, cert. denied, 429 U.S. 833 (1976), a similar situation arose in which an immunized witness testified before a second grand jury, and the court held "that there was full compliance with the statutory procedure, and that immunity was properly granted before both the grand jury and the trial judge." *Id.* at 948. Compare, on the facts, *Smith* v. *Commonwealth*, 386 Mass. 345, 346-347 (1982). The Supreme Court has also indicated that a grant of immunity, and the resultant duty to testify, would extend to successive grand juries. *Shillitani* v. *United States*, 384 U.S. at 371 n.8.

Raczkowski relies on *Corsetti* v. *Commonwealth*, 381 Mass. 778 (1980), where the court held that a witness's appeal from a contempt order was moot, because "the grand jury with which we are concerned is no longer in service." See also *Commonwealth* v. *Corsetti*, 387 Mass. 1, 7 (1982). However, *Corsetti* v. *Commonwealth* stands only for the proposition that the coercive imprisonment associated with civil contempt may not extend beyond the term of the grand jury before which the witness refused to testify and was consequently held in contempt. See *Shillitani* v. *United States*, 384 U.S. at 370-372. Raczkowski was held in contempt for refusing to testify at the second grand jury, and the record does not indicate that its term has expired. Consequently, we hold that a grant of immunity under G. L. c. 233, § 20E, unless it otherwise provides, extends to successive grand juries where, as here, the later grand jury is investigating the same matter.

3. Finally, Raczkowski argues that the contempt order should be overturned, because the Commonwealth failed to prove that he was capable of providing answers to the grand jury's questions. When he refused to testify before the second grand jury, Raczkowski did not claim ignorance of the answers. He based his refusal on the fact that his appeal of the grant of immunity was pending before the Supreme Judicial Court, and on his argument, rejected above, that the grant of immunity had expired when the first grand jury was dismissed. His explanation was the same at the contempt proceeding, except for one instance when he made a general claim of ignorance. The claim was unconvincing. The grand jury record reveals that the unanswered questions all concerned him or his personal experiences, and it is inferable that he knew the answers. *Commonwealth* v. *Kreplick*, 379 Mass. 494 (1980) (subpoena duces tecum, witness denied possession), is distinguishable for that reason.

*Judgment affirmed.*

*Thomas Arthur Hensley* for the defendant.

*Mary Ellen O'Sullivan*, Assistant District Attorney, for the Commonwealth.