PETITION OF THE DISTRICT ATTORNEY FOR THE PLYMOUTH DISTRICT. July 8, 1985. *Witness,* Immunity.

A witness was summoned before a Plymouth County grand jury on October 22, 1984, in connection with an investigation into the theft of cocaine from the evidence room of the Brockton police station. When questioned about the theft, the witness stated his intention to assert his privilege against self-incrimination. U.S. Const. amend. V; art. 12 of the Massachusetts Declaration of Rights. The district attorney then applied for a grant of immunity. On November 9, 1984, a single justice of this court granted the application, and further ordered that the witness "answer all questions and produce all evidence . . . concerning his knowledge" of the crime at issue. The full court then denied a requested stay of

---

the order, and this appeal followed.[1] In essence, the witness claims that the grant of immunity, together with the order that he testify, constitutes an unjustifiable invasion of his constitutional right to privacy, see generally *Griswold* v. *Connecticut*, 381 U.S. 479, 485-486 (1965), because the Commonwealth has made no showing that the testimony sought is necessary to its investigation.

We disagree. According to G. L. c. 233, § 20E (1984 ed.), a single justice is authorized to grant immunity to a witness if, after a hearing, the single justice concludes that the witness has validly invoked his privilege against self-incrimination, and that the investigation involves an offense listed in G. L. c. 233, § 20D. See *Petition of the Dist. Attorney for the Plymouth Dist.*, 391 Mass. 723, 726 (1984). We conclude that this procedure is constitutionally sound. "[T]he legitimate demands of government to compel citizens to testify." *Kastigar* v. *United States*, 406 U.S. 441, 446 (1972), evidenced by the government's willingness, in cases such as this, to forgo prosecution against particular witnesses, constitutes sufficient justification to overcome any privacy rights implicated here. We recognize that certain rare circumstances may arise where the relevancy of a particular line of questioning may be slight or nonexistent, and where the need for testimony may be outweighed by legitimate privacy interests. See *Ward* v. *Peabody*, 380 Mass. 805, 820 (1980). Here the witness has refused to answer any questions related to the theft under investigation, cf. *Ward* v. *Coletti*, 383 Mass. 99, 110 (1981), and nothing in the record approaches justification for his wholesale and continuing defiance of the order of the single justice. The order of the single justice is affirmed.

*So ordered.*

*Thomas Arthur Hensley* for the witness.
*Mary Ellen O'Sullivan*, Assistant District Attorney, for the Commonwealth.

---

[1] We note that the witness was called before the Plymouth County grand jury a second time, and, despite the November 9, 1984, immunity order, again refused to testify. After a hearing in Superior Court, the witness was found in contempt. Mass. R. Crim. P. 43, 378 Mass. 919 (1979). The contempt order was affirmed by the Appeals Court sub nom. *Commonwealth* v. *Raczkowski*, 19 Mass. App. Ct. 991 (1985).