**UNITED STATES, Appellee,**

v.

**John DOE, etc., Defendant, Appellant.**

**No. 87–1380.**

United States Court of Appeals, First Circuit.

Submitted May 18, 1987.

Decided May 28, 1987.

Richard E. Bachman and Hale, Sanderson, Byrnes & Morton, Boston, Mass., on brief, for defendant, appellant.

Deborah A. Ramirez, Asst. U.S. Atty., and Frank L. McNamara, Jr., U.S. Atty., Boston, Mass., on brief, for appellee.

Before BOWNES, TORRUELLA and SELYA, Circuit Judges.

PER CURIAM.

We affirm the district court's contempt order substantially for the reasons stated in the district court's April 20, 1987 memorandum and order. Appellant's immunized testimony in a future appearance before the grand jury cannot be used as evidence to prove a charge of perjury in giving false testimony in his prior appearance. *United States v. Cintolo,* 818 F.2d 980, 988 n. 5 (1st Cir.1987); *In re Bianchi,* 542 F.2d 98, 100 (1st Cir.1976). The fact that appellant's testimony on both occasions would have been compelled by the same immunity order is of no consequence; "a grant of immunity precludes the use of immunized testimony in a prosecution for *past* perjury,". United *States v. Cintolo, supra,* slip op. at 988 n. 5 (emphasis in original), regardless of the context in which that past perjury occurred. *United States v. Apfelbaum,* 445

328 U.S. 256, 267, 66 S.Ct. 1062, 1068, 90 L.Ed. 1206 (1946)).

**12**

U.S. 115, 100 S.Ct. 948, 63 L.Ed.2d 250 (1980), is not to the contrary. *Apfelbaum* held that *contemporaneous* immunized testimony, even if truthful, could be used in evidence against a witness in a perjury trial based on allegedly false portions of the witness' testimony. Nothing in *Apfelbaum* would permit immunized testimony to be used in a prosecution for past perjury merely because on both occasions the testimony had been compelled by the same immunity order.

■ Like the district court, furthermore, we find unripe any claim that appellant cannot be compelled to testify because his prior immunized testimony could be used as evidence against him in a perjury prosecution based on alleged falsity in his future immunized testimony. Appellant's immunity affords him no protection against perjury charges arising out of future false testimony, *United States v. Apfelbaum*, 445 U.S. 115, 130, 100 S.Ct. 948, 956, 63 L.Ed.2d 250 (1980); the question whether his prior immunized testimony could be used against him to prove such charges, were they ever brought, does not now present a live controversy requiring a decision. In any event, appellant does not press this latter claim on appeal.

The district court's contempt order is *affirmed*.