COMMONWEALTH *vs.* DONALD J. STEINBERG
(and a companion case[1]).

Suffolk. Plymouth. February 6, 1989. — April 12, 1989.

Present: WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Grand Jury. Witness,* Immunity. *Practice, Criminal,* Grand jury proceedings, Access to witnesses. *Limitations, Statute of. Constitutional Law,* Grand jury, Self-incrimination. *Perjury. Contempt.*

There was no merit to the contention by an out-of-State witness that the proceedings by which a Federal court in Florida, responding to a request from Massachusetts for the attendance of the witness, ordered him to appear before a Plymouth County grand jury were unlawful. [604-605]

There was no merit to contentions by a grand jury witness (which, in any event, he lacked standing to raise) that the grand jury was without jurisdiction to investigate the crime as to which he was a witness because the statute of limitation on the crime might have run, and that the grand jury was not properly sitting. [605-606]

There was no merit to the claim by a witness who refused to testify before a grand jury that the district attorney had acted in bad faith and improperly used the grand jury system. [606]

That a Plymouth County grand jury witness who had been granted immunity as to his testimony in Plymouth County may have made prior statements under oath in a Federal court in Florida about events with which the Plymouth County grand jury was concerned, which could prove inconsistent with what he must say under oath to the grand jury if he were to testify truthfully, did not broaden his privilege against self-incrimination and, thus, neither entitled him to greater immunity, nor relieved him of his duty to testify before the grand jury. [606-607]

There was no substance to a grand jury witness's claim, in objecting to any grant of immunity, that immunity granted him as to his testimony before a Plymouth County grand jury would not protect him from prosecution in jurisdictions elsewhere in this country; furthermore, as to prosecutions in foreign countries, the witness made no showing that there was a real and substantial threat of foreign prosecution and, thus, raised no constitutional issue. [607-608]

In the circumstances, an adjudication of contempt against a witness for refusal to testify before a grand jury was not rendered invalid by the

---

[1] Petition of the District Attorney for the Plymouth District.

fact that the judge, in imposing a sentence coercive in nature, relied on both Mass. R. Crim. P. 43 and G. L. c. 233, § 20H. [608]

Assuming, but without deciding, that a witness had a right to appeal from a single justice's order granting him immunity as to testimony before a grand jury, this court concluded that the single justice did not abuse her discretion in declining to consider, and thus leaving for any Superior Court contempt proceeding, the witness's various objections to any grant of immunity. [608-609]

APPLICATION for a grant of immunity filed in the Supreme Judicial Court for the county of Suffolk on April 3, 1987.

The case was heard by *Abrams*, J.

ADJUDICATION of contempt in the Superior Court Department by *Suzanne V. DelVecchio*, J., on April 29, 1987.

On transfer of the contempt proceeding to the Supreme Judicial Court for the county of Suffolk by *Liacos*, J., the two appeals were consolidated and reported by him.

*Anthony M. Traini* for Donald J. Steinberg.

*Robert P. Snell*, Assistant District Attorney (*Linda M. Fleming*, Assistant District Attorney, with him) for the Commonwealth.

WILKINS, J. The defendant, whom we shall call the witness, appeals from his conviction in the Superior Court of contempt of court for refusing to testify before a Plymouth County grand jury after a single justice of this court, acting pursuant to G. L. c. 233, §§ 20D & 20E (1986 ed.), had granted him immunity as to his testimony. He also appeals from the single justice's order granting him immunity.[2] We affirm both the judgment of contempt and the order granting immunity.

The issues arise out of the Commonwealth's attempt to have the witness testify before a Plymouth County grand jury concerning the kidnapping of one Michael Romanelli in May, 1978. On March 30, 1987, a judge in Florida, responding to a request from Massachusetts for the attendance of an out-of-State witness, entered an order requiring the witness to appear

---

[2] A second single justice transferred the Superior Court contempt action to the county court before the appeal was entered in the Appeals Court and then consolidated that appeal with the appeal from the immunity order.

promptly in Massachusetts to testify. We discuss first the witness's challenge to the lawfulness of the Florida proceeding.

Once in Massachusetts, the witness declined to testify before the grand jury on the ground that such testimony might tend to incriminate him. On April 3, 1987, the Commonwealth filed an application for a grant of immunity in the Supreme Judicial Court for the county of Suffolk. The witness raised several issues in opposition to the grant of immunity. The single justice held a hearing and declined to pass on the witness's various objections to any grant of immunity. The single justice indicated that those issues could be raised in the Superior Court in any contempt proceeding and, on April 16, 1987, she entered an order granting the witness immunity. The witness agrees that the Commonwealth met the statutory conditions precedent to the grant of immunity. At the conclusion of this opinion, we indicate that the single justice did not abuse her discretion in issuing the immunity order.

The witness, although immunized, continued to refuse to testify before the grand jury. The Commonwealth promptly sought a contempt order. A Superior Court judge held a hearing at which the witness unsuccessfully raised the various objections he had sought to have decided by the single justice. In the middle portion of this opinion we discuss and reject the witness's challenges to the trial judge's rulings on these issues. We also reject the witness's challenge to the judge's decision to hold the witness in contempt under both G. L. c. 233, § 20H (1986 ed.), and Mass. R. Crim. P. 43, 378 Mass. 919 (1979).

1. The witness argues that the proceedings by which the Florida court ordered him to appear before the Plymouth County grand jury were unlawful. He argues that the Florida court should not have ordered him to Massachusetts because (a) an affidavit was not forwarded from Massachusetts, (b) he was not shown to be a material witness, and (c) the Florida proceeding was inadequate.

In seeking an order for the attendance of an out-of-State witness, a judge must issue a certificate stating the facts that make the witness a material one. G. L. c. 233, § 13B (1986

ed.). A Massachusetts judge signed such a certificate, and it was presented to a judge in Florida. An affidavit of an assistant district attorney, submitted in support of the request for the certificate, was not forwarded to Florida. The statute does not require that such an affidavit accompany the judge's certificate. The affidavit, which the Massachusetts judge impounded, would not have aided the witness in opposing the Florida order. It shows the materiality of the witness's prospective testimony more fully than does the certificate. The witness has not shown that the affidavit should have been sent to Florida or that, if it had been sent to Florida, it would have aided him.

The judge's certificate states that the witness negotiated for the release of Romanelli following the kidnapping and arranged for the payment of money for Romanelli's release. The witness's materiality to the grand jury investigation was obvious from the certificate. That his testimony on the same subject matter in a Florida trial years earlier was available for use before the grand jury in no way detracted from his status as a material witness. The use of live, direct testimony in grand jury proceedings is preferable. See *Commonwealth* v. *St. Pierre*, 377 Mass. 650, 655-656 (1979). The witness's current memory of events was an important consideration justifying his presence before the grand jury.

The witness complains that he did not have a full opportunity in Florida to contest the order that he appear before the Plymouth County grand jury. He could have raised that issue in Florida by appeal and sought a stay of the order pending appeal. He did not seek a stay. The absence of the affidavit and the failure to show to the Florida court that he was a material witness are issues that might have been presented in Florida. We need not decide whether the witness is entitled to relitigate them here. Assuming that he is, we conclude that his arguments lack merit.

2. The witness advances a number of arguments under the claim that the grand jury was without jurisdiction to investigate the crime and was not properly sitting. The witness has no standing to raise any of these arguments. In the vernacular, they are none of his business. Moreover, they all lack merit.

That the statute of limitation on the kidnapping of Romanelli might have run is not a matter concerned with the jurisdiction of the grand jury. It is an affirmative defense that in this State a criminal defendant must plead. See *Couture* v. *Commonwealth*, 338 Mass. 31, 33 (1958). A majority of United States Circuit Courts of Appeals dealing with the question have expressed the same view. See *United States* v. *Karlin*, 785 F.2d 90, 92-93 (3d Cir. 1986), cert. denied, 480 U.S. 907 (1987), and cases cited. In any event, a grand jury and a witness should not become involved in a dispute about such a collateral question. See *United States* v. *Calandra*, 414 U.S. 338, 345 (1974); *Blair* v. *United States*, 250 U.S. 273, 282-283 (1919); *United States* v. *Neff*, 212 F.2d 297, 301-302 (3d Cir. 1954).[3] Similarly, assuming that the witness is allowed to raise it, we reject the claim that Mass. R. Crim. P. 5, 378 Mass. 850 (1979), was violated due to the alleged delay in bringing this matter before the grand jury.

The record shows clearly that the term of the grand jury did not expire at any time relevant to this case. Therefore, we need not consider arguments based on the premise that the grand jury's term expired before the witness appeared before them and for the second time refused to testify.

3. There is not the least merit to the witness's claim that the district attorney acted in bad faith and improperly used the grand jury system. No facts found by the judge who decided the contempt matter would warrant such a conclusion. No facts argued in the witness's brief support such a result. The judge ruled properly that the investigation was not an abuse of the grand jury process.

4. The witness argues that to be effective the grant of immunity had to be coextensive with his privilege against self-incrimination and that it was not.

He points first to the fact that he has already testified under oath in a Federal court in Florida on the events with which the

---

[3] After the target of the grand jury's investigation was indicted, a Superior Court judge ruled that, because of the tolling of the statute, the statute of limitation had not expired.

grand jury were concerned. He grants that the statute of limitation would bar any prosecution for perjury committed in the course of his Florida testimony. He argues rather that, if his testimony here is inconsistent with his Florida testimony, he may be charged with perjury here, particularly, if, unlike his Florida testimony, his Massachusetts testimony does not support the Commonwealth's view of the guilt of the person that the grand jury were investigating.

The statute expressly provides that the grant of immunity does not apply to perjury committed while giving testimony under compulsion. G. L. c. 233, § 20G. No immunity from a perjury prosecution need be granted. There is no constitutional right to commit perjury. *United States* v. *Apfelbaum*, 445 U.S. 115, 127, 130-131 (1980). *United States* v. *Simmons*, 670 F.2d 365, 371 (D.C. Cir. 1982), cert. denied, 464 U.S. 835 (1983); *United States* v. *Tramunti*, 500 F.2d 1334, 1343-1344 (2d Cir.), cert. denied, 419 U.S. 1079 (1974). The witness clearly is not entitled to immunity so that he may lie in his testimony here. That an immunized witness may have made prior statements inconsistent with what he must say under oath, if he is to testify truthfully, does not broaden his privilege against self-incrimination and thus entitle him to greater immunity, nor does it relieve him of his duty to testify. The transcript of the witness's testimony in the Florida trial is merely a form of prior statements, and its existence does not call for a different conclusion.

The witness's claim that the grant of immunity will not protect him from prosecution in other jurisdictions on the basis of his testimony here has no substance. As to prosecutions elsewhere in this country, any testimony an immunized witness gives here may not be used against him. See *Murphy* v. *Waterfront Comm'n of N.Y. Harbor*, 378 U.S. 52, 79 (1964). See also *Kastigar* v. *United States*, 406 U.S. 441, 460 (1972) (the evidence used must be "derived from a legitimate source wholly independent of the compelled testimony"); *Commonwealth* v. *Stone*, 369 Mass. 965 (1976); *State* v. *Hanson*, 342 A.2d 300, 303 (Me. 1975). As to prosecutions in foreign countries, the witness makes no showing that there was a real and substantial

threat of foreign prosecution and thus he raises no significant constitutional issue. See *Zicarelli* v. *New Jersey Comm'n of Investigation*, 406 U.S. 472, 478 (1972); *In re Sealed Case*, 825 F.2d 494, 496-497 (D.C. Cir.), cert. denied sub nom. *Roe* v. *United States*, 484 U.S. 963 (1987); *In re Grand Jury Subpoena of Flanagan*, 691 F.2d 116, 121-122 (2d Cir. 1982); *United States* v. *Brummitt* 665 F.2d 521, 525-526 (5th Cir.), cert. denied, 456 U.S. 977 (1982).

5. The witness argues that the contempt judgment was invalid because the judge relied on both Mass. R. Crim. P. 43, 378 Mass. 919 (1979), and G. L. c. 233, § 20H, in finding him in contempt. He argues that it is unclear whether his contempt was criminal or civil and that the rule and the statute conflict.

The judge imposed the same sentence under the rule and under the statute. The defendant could have avoided or terminated his incarceration by testifying before the grand jury. The sentence was coercive and not punitive in nature and thus was civil. *Shillitani* v. *United States*, 384 U.S. 364, 368-370 (1966); *Commonwealth* v. *Raczkowski*, 19 Mass. App. Ct. 991, 992, *S.C.*, 395 Mass. 1005 (1985). The witness's statement to the judge under oath that he refused to testify before the grand jury was a disruption warranting summary contempt under Mass. R. Crim. P. 43. See *Commonwealth* v. *Corsetti*, 387 Mass. 1, 7-9 (1982). We suggest, however, that in similar circumstances in the future a contempt proceeding initiated in the Superior Court pursuant to § 20H will normally be the proper procedure to follow when an immunized witness refuses to testify.

6. Assuming, without deciding, that a witness has a right to appeal from a single justice's order granting him immunity (see *Petition of the Dist. Attorney for the N.E. Dist.*, 399 Mass. 1001 [1987] [three to three decision]), we conclude that the single justice did not abuse her discretion in declining to consider, and thus leaving for any Superior Court contempt proceeding, the various issues discussed earlier in this opinion.

Section 20E of G. L. c. 233 makes the grant of immunity discretionary once, as the witness agrees is the case here, the

statutory conditions for the granting of immunity are met. A single justice may consider other challenges to a request for a grant of immunity but need not do so, in her discretion, as to any issue that the witness can present equally well in the Superior Court in a proceeding for contempt under G. L. c. 233, § 20H. The order granting immunity should be affirmed.

7. The order granting immunity is affirmed. The judgment of contempt is affirmed.

*So ordered.*