JANET VACCARI & another,[1] petitioners.

Suffolk. September 8, 2011. - October 13, 2011.

Present: IRELAND, C.J., CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Contempt. Constitutional Law,* Self-incrimination. *Witness,* Self-incrimination, Immunity.

A single justice of this court properly denied a petition seeking relief from Superior Court orders granting the petitioners immunity pursuant to G. L. c. 233, §§ 20C-20E, and ordering them to testify in a criminal trial, where the petitioners acknowledged that they had an adequate alternative remedy (i.e., to disobey the orders and appeal from the subsequent contempt order) but failed to demonstrate that their familial relationship with an alleged "organized crime leader" made it unduly burdensome for them to risk incarceration following a finding of contempt. [758-759]

A single justice of this court, in denying a petition seeking relief from Superior Court orders granting the petitioners immunity pursuant to G. L. c. 233, §§ 20C-20E, and ordering them to testify in a criminal trial, correctly determined that the scope of immunity provided to the petitioners pursuant to G. L. c. 233, § 20G, adequately protected their constitutional rights against self-incrimination. [759-761]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on October 7, 2010.

The case was heard by *Spina,* J.

*Michael A. Cioffi* for the petitioners.

*Susanne G. Reardon,* Assistant Attorney General, for the Commonwealth.

BOTSFORD, J. The two appellants before the court, Janet Vaccari and Deana Pistone (collectively, witnesses), appeal from the denial by a single justice of their petition for relief under G. L. c. 211, § 3. In their petition, the witnesses sought relief from Superior Court orders granting them immunity pursuant to G. L. c. 233, §§ 20C-20E, and ordering them to testify in the criminal trial of David Forlizzi and Fred Battista. We conclude

[1] Deana Pistone.

that the witnesses have not shown that they cannot obtain adequate relief from the challenged orders in the normal process of appellate review, and therefore, the denial of their petition was proper. Insofar as the single justice considered the merits of the witnesses' claims, we also conclude that he correctly determined that the scope of immunity provided to the witnesses pursuant to G. L. c. 233, § 20G, adequately protects their constitutional rights against self-incrimination. We affirm the judgment of the single justice.

1. *Background.* On March 27, 2008, Vaccari was indicted on charges of motor vehicle insurance fraud, conspiracy, and larceny; Pistone was indicted on the same day on similar charges. Both were arraigned in the Superior Court on these charges on April 15, 2008. Each pleaded guilty to all the charges against her on November 24, 2008, and each received a probationary sentence. All the charges against both witnesses related to an alleged scheme to submit and be paid for false insurance claims for motor vehicle damage. The Commonwealth claims that the scheme involved the witnesses and has at its center David Forlizzi and Fred Battista, who were employees of an automobile body shop in Winthrop.

Forlizzi and Battista also were indicted on March 27, 2008, on charges of motor vehicle insurance fraud (multiple charges), conspiracy, larceny over $250, and attempted larceny. They have pleaded not guilty, and the Commonwealth intends to call the witnesses to testify against the two defendants at trial. On June 1, 2010, a Superior Court judge found that both witnesses had valid claims of privilege against self-incrimination, and the Commonwealth thereafter applied for grants of immunity for the witnesses pursuant to G. L. c. 233, §§ 20C-20E. A judge in the Superior Court allowed the applications on June 15, 2010, ordering that each of the witnesses be granted immunity from prosecution, and that each "give truthful testimony and produce evidence" at the trial of Forlizzi and Battista. On September 23, 2010, another judge denied the witnesses' motion for reconsideration of the immunity orders. On October 7, 2010, the witnesses filed a petition under G. L. c. 211, § 3, in the county court seeking relief from the order denying their motion for reconsideration. The single justice denied the petition on January 18, 2011. In his

memorandum of decision, the single justice stated that it was not clear the witnesses had met the standard required to bring a petition for extraordinary relief under G. L. c. 211, § 3, but nonetheless he considered and ultimately denied the witnesses' petition on the merits. The witnesses filed a timely appeal in this court from the decision of the single justice pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).

2. *Discussion.* a. *Adequate remedy.* "[T]he extraordinary remedy of general superintendence [under G. L. c. 211, § 3,] is meant for situations where a litigant has no adequate alternative remedy." *McMenimen* v. *Passatempo*, 452 Mass. 178, 185 (2008), citing *Cooper* v. *Regional Admin. Judge of the Dist. Court for Region V*, 447 Mass. 513, 521 (2006). In this court's order allowing the witnesses' appeal to proceed in the regular course, we reserved decision on the threshold question whether an adequate alternative remedy exists, and directed the parties to address that issue in addition to the substantive immunity issue raised by the witnesses in their petition.

Orders compelling nonparty witnesses to testify in criminal cases are interlocutory orders and generally not appealable. "The usual way of challenging such orders is to disobey them and appeal from the subsequent contempt order." *Matter of a Grand Jury Subpoena*, 411 Mass. 489, 492-493 (1992). Accord *Womack, petitioner*, 444 Mass. 1015, 1015-1016 (2005) (potential witness could not seek interlocutory review under G. L. c. 211, § 3, from order determining he had waived privilege against self-incrimination, because alternative of appealing from any contempt order that might issue if he refused to testify existed). See *Matter of Grand Jury Subpoena*, 442 Mass. 1029 (2004). Cf. *Lenardis* v. *Commonwealth*, 452 Mass. 1001 (2008) (nonparty may challenge propriety of order to produce evidence by refusing to comply and appealing from any ensuing contempt order; interlocutory review under G. L. c. 211, § 3, not appropriate); *Cronin* v. *Strayer*, 392 Mass. 525, 528-530 (1984) (interlocutory discovery orders are not appealable; review may be obtained on appeal from judgment of contempt for refusal to comply).

The witnesses acknowledge, appropriately, the availability of an appeal from a contempt judgment. See G. L. c. 233, § 20H.

See also *Matter of Roche*, 381 Mass. 624, 625 n.1 (1980); *Commonwealth* v. *Santaniello*, 369 Mass. 606, 607 (1976). They argue, however, that this remedy is not adequate in their case because their family relationships make it peculiarly dangerous to them to testify,[2] and the threat or actuality of being ordered incarcerated while appealing from a contempt judgment is a fundamentally unfair burden for them to bear.

These arguments fail. The witnesses offer no reason why their familial relationship with an alleged "organized crime figure" (see note 2, *supra*) makes it unduly burdensome to risk incurring a finding of contempt. Insofar as the possibility of being incarcerated pending an appeal from a contempt judgment is concerned, we have recognized that potential and have not found it to constitute the type of irreparable harm that justifies pursuit of an interlocutory appeal, particularly given the fact that trial judges can and often do stay contempt judgments pending appeal. See *Matter of a Grand Jury Subpoena*, 411 Mass. at 498-499. See also *Womack, petitioner*, 444 Mass. at 1015-1016.

In sum, the witnesses have not met their burden of showing that this is "the type of extraordinary case where general superintendence relief would be appropriate." *McMenimen* v. *Passatempo*, 452 Mass. at 193. The single justice's denial of their petition should be affirmed on this ground alone. However, we address briefly the merits of the witnesses' claim concerning the scope of immunity because the single justice addressed and based his decision on that issue.

b. *Scope of immunity.* The witnesses assert that the immunity orders in this case, issued under the Commonwealth's immunity statute, G. L. c. 233, §§ 20C-20G, do not provide them with a constitutionally sufficient scope of immunity because by their terms and under the statute, see § 20G, the orders grant them transactional immunity only "in any court of the commonwealth"; their argument is that the orders offer no protection against the possibility that any immunized testimony they give will be used as the basis for or in connection with a Federal

---

[2]The witnesses state that they are the daughter and granddaughter, respectively, of "an alleged, long-time organized crime figure," and argue this relationship puts them in particular danger.

criminal prosecution[3] or prosecution in another State. The single justice rejected the claim, concluding that the immunity orders provide the witnesses with the transactional immunity[4] to which art. 12 of the Massachusetts Declaration of Rights entitles them, see *Attorney Gen.* v. *Colleton*, 387 Mass. 790, 796-798 & n.8, 801 (1982); and that as a result, the witnesses have received protection from Federal prosecution or prosecution in another State.

We agree. The United States Supreme Court has made clear that a witness who is compelled to testify in a State court pursuant to a valid immunity order issued under the laws of that State is entitled to the full protection against self-incrimination provided by the Fifth Amendment to the United States Constitution in other courts. *Murphy* v. *Waterfront Comm'n of N.Y. Harbor*, 378 U.S. 52, 77-79 (1964) (*Murphy*). It is true that the Fifth Amendment's privilege against self-incrimination provides use and derivative use immunity,[5] see *Kastigar* v. *United States*, 406 U.S. 441, 453 (1972), rather than the full transactional immunity required by the Massachusetts Constitution. But the witnesses have no constitutional entitlement to the benefit of transactional immunity outside the Commonwealth's courts. "The fact that an effective State grant of transactional immunity . . . only translates into use and derivative use immunity for Federal purposes . . . presents no obstacle to compelling a person to answer questions. Such a grant of immunity by a State is effective in extending the different protections against self-incrimination that the State and Federal Constitutions, respectively, require." *Baglioni* v. *Chief of Police of Salem*, 421 Mass. 229, 234 (1995). Contrary to the witnesses' claim, with respect to any possible Federal prosecution, they must and will receive full protection against the use of any compelled testimony

---

[3]The witnesses mention the offenses codified at 18 U.S.C. §§ 1341, 1344, 1349 (2006).

[4]Transactional immunity is "that which 'grant[s] immunity from prosecution for offenses to which compelled testimony relates.' " *Attorney Gen.* v. *Colleton*, 387 Mass. 790, 795 n.4 (1982), quoting *Kastigar* v. *United States*, 406 U.S. 441, 443 (1972).

[5]Use and derivative use immunity "grant[] immunity from the use of compelled testimony and evidence derived therefrom." *Attorney Gen.* v. *Colleton*, 387 Mass. at 795 n.4, quoting *Kastigar* v. *United States*, 406 U.S. at 443.

or the fruits of any such testimony. See *Murphy*, 378 U.S. at 79 & n.18. See also *Kastigar* v. *United States*, 406 U.S. at 460 (evidence must be "derived from a legitimate source wholly independent of the compelled testimony"). And as this court has previously indicated, citing *Murphy*, *supra*, the same holds true in connection with any prosecution in another State. See *Commonwealth* v. *Steinberg*, 404 Mass. 602, 607 (1989).[6] The witnesses are entitled to no more.

Finally, the witnesses argue that the immunity granted by the Superior Court orders does not protect them against prosecution for perjury based on their prior statements to investigators in which they inculpated Forlizzi and Battista. In particular, they suggest that their earlier "inculpatory" statements to the investigators may have been false, and if their compelled, but allegedly truthful, testimony at trial were to exonerate Forlizzi and Battista, the immunity orders will not protect them against prosecution for allegedly committing perjury while speaking to the investigators. An immunized witness has no right to immunity from prosecution for perjury committed while she is testifying pursuant to the immunity order. See G. L. c. 233, § 20G. See also *Commonwealth* v. *Steinberg*, 404 Mass. at 607. But insofar as the witnesses are concerned about the use of their compelled testimony to prove they lied in their earlier statements to the investigators, the immunity orders at issue preclude the use of their immunized testimony against them for any such purpose. See, e.g., *United States* v. *Doe*, 819 F.2d 11, 11-12 (1st Cir. 1987), and cases cited. See also *United States* v. *Cintolo*, 818 F.2d 980, 988 n.5 (1st Cir.), cert. denied, 484 U.S. 913 (1987).

3. *Conclusion.* The judgment of the single justice denying relief is affirmed.

*So ordered.*

---

[6]Other States have reached the same conclusion. See, e.g., *Costello* v. *Fennelly*, 681 So. 2d 926, 928 (Fla. Dist. Ct. App. 1996); *Matter of Girdler*, 357 N.W.2d 595, 599 (Iowa 1984); *Matter of Ippolito*, 75 N.J. 435, 438 n.3 (1978).