COMMONWEALTH vs. RICHARD A. PURINTON.

No. 91-P-713.

Middlesex. April 7, 1992. - June 9, 1992.

Present: BROWN, JACOBS, & GILLERMAN, JJ.

Rape. Constitutional Law, Assistance of counsel. Limitations, Statute of.
Practice, Criminal, Assistance of counsel, Instructions to jury, Waiver.
Waiver. Jurisdiction, Of crime. Evidence, Competency, Relevancy and
materiality.

A criminal defendant did not demonstrate that he was denied effective as-
sistance of counsel by counsel's having failed to file a pretrial motion to
dismiss the indictment for rape of a child, to file a motion for a re-
quired finding of not guilty, or to request instructions or special jury
questions, all based on the claim that prosecution was barred by the
statute of limitations, G. L. c. 277, § 63, where there was evidence that
at least one incident of rape occurred within the period of limitations
and where the central issue tried was the credibility of the victim, not
the time when the offense occurred. [642-646]
The judge at the trial of an indictment for rape of a child was not required
on his own initiative to instruct the jury on the statute of limitations
defense, where the defendant had effectively waived the issue. [646-
647]
At a criminal trial, the remarks of the prosecutor in closing argument were
not so objectionable as to cause substantial prejudice to the defendant's
case, and defense counsel's failure to object to certain remarks did not
constitute ineffective assistance of counsel. [648]

INDICTMENT found and returned in the Superior Court De-
partment on February 15, 1989.

The case was tried before James F. McHugh, J., and post-
trial motions were heard by him.

Conrad W. Fisher for the defendant.

David R. Marks, Assistant District Attorney (Catherine
E. Sullivan, Assistant District Attorney, with him) for the
Commonwealth.

GILLERMAN, J. A jury found the defendant guilty of the charge of rape of a child, see G. L. c. 265, § 22A. Later, released on parole and with the assistance of new counsel, the defendant claimed, in a motion for a new trial, Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979), and in a motion to set aside the verdict and enter a required finding of not guilty, Mass.R.Crim.P 25(b)(2), 378 Mass. 896 (1979), that his trial counsel failed inexcusably "to effectively litigate" his claim that prosecution for the crime with which he had been charged was barred by the statute of limitations, G. L. c. 277, § 63. In consequence, the defendant claims he was denied his constitutional right to the effective assistance of counsel. The judge who tried the case denied the motions, and the defendant appealed from his conviction and the denial of his motions. We affirm the judgment and the order denying the posttrial motions.[1]

The issue concerning the statute of limitations arose in this context. The offense of rape of a child, like many others, is governed by the statute of limitations set out in G. L. c. 277, § 63. Effective September 30, 1985, St. 1985, c. 123, extended the period of limitations from six years to ten years. *Commonwealth* v. *Bargeron*, 402 Mass. 589 (1988), held that the ten-year limitations period applied to offenses that were not time-barred when the amendment became effective.[2] This meant that the Commonwealth was required to prove that the defendant's crimes were committed no earlier than six years prior to September 30, 1985, or September 30, 1979.[3] See *Commonwealth* v. *Cogswell*, 31

---

[1]Our reasons differ in certain respects from those of the trial judge, but we are free to adopt different reasoning. "A correct decision may be sustained on appeal on any sound ground. *Doeblin* v. *Tinkham Dev. Corp.*, 7 Mass. App. Ct. 720, 722 (1979)." *Marotta* v. *Greater New Bedford Regional Vocational Technical High Sch. Dist. Comm.*, *post* 938, 939 (1992).

[2]Defendant's counsel acknowledges in this court the holding of *Commonwealth* v. *Bargeron*, *supra*, but states, nevertheless, that he intends to preserve the issue of the retroactive application of the statute of limitations for further appellate review.

[3]The indictment alleged that on "diverse dates" between September 30, 1979, and July 17, 1983, the defendant raped the child.

Mass. App. Ct. 691, 694 (1991). The only clear evidence of his having committed the crime with which he was charged, says the defendant, was of those events which took place *prior to* September 30, 1979.

The defendant's claim of ineffective assistance of trial counsel, adequately presented by his motion for a new trial, *Commonwealth* v. *Saferian*, 366 Mass. 89, 90-91 (1974), turns on whether trial counsel's management of the case fell "measurably below that which might be expected from an ordinary fallible lawyer," *id.* at 96, and, if so, whether the defendant has made a showing that "better work might have accomplished something material for the defense." *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977). *Commonwealth* v. *Wright*, 411 Mass. 678, 681 (1992). Both tests are satisfied in this case, the defendant argues, because his trial counsel failed to file (i) a pretrial motion to dismiss the indictment, (ii) a motion for a required finding of not guilty at the close of the Commonwealth's case, and (iii) a request for special questions or a request that the judge instruct the jury that the burden was on the Commonwealth to prove beyond a reasonable doubt that the offense charged occurred after September 30, 1979. Any one of these actions by his trial counsel would have been successful, the defendant claims, but his counsel did nothing to press the statute of limitations argument. Additional arguments by the defendant are that the judge failed to instruct the jury, sua sponte, on the limitations issue, and that trial counsel failed to object to certain remarks of the prosecutor.

1. *The failure of counsel to file a pretrial motion to dismiss the indictment.* There is no merit to this argument. The indictment was not defective on its face, and, as the judge concluded, had a hearing been held, see Mass.R.Crim.P. 13(d), 378 Mass. 873 (1979), there would, no doubt, have been testimony — as there was at the trial — that at least one act of rape was within the period of limitations.

2. *The failure of counsel to file a motion for a required finding of not guilty.* Had a motion under Mass.R. Crim.P. 25, 378 Mass. 896 (1979), been filed by defendant's

counsel, the judge would have applied the familiar test whether, after viewing the evidence at the close of the Commonwealth's case in the light most favorable to the Commonwealth, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979). The trial judge, in denying the motion for a required finding of not guilty, concluded that the jury could have found from the evidence that at least one incident of forcible rape occurred within the period of limitations. We agree.

The evidence at the close of the Commonwealth's case, seen in a light most favorable to the Commonwealth, was substantially as follows. Ann (fictitious name) was born July 17, 1971. In 1977, Ann and her family moved next door to the residence occupied by the defendant with his wife and children. Ann became friendly with Jennifer, the daughter of the defendant. Ann and Jennifer remained close friends for five or six years; the two young girls played together and Ann often "slept over" at Jennifer's house on a Friday or Saturday night. On those nights the defendant would be at home, but not Jennifer's mother, who worked both nights.

When Ann spent the night at Jennifer's house, she slept in a sleeping bag on the floor next to Jennifer's bed. On one occasion in the summer before Ann entered the third grade, the defendant, about an hour or two after saying good night to the two girls, returned to their room, unzipped Ann's sleeping bag, held her arm down and inserted his finger in Ann's vagina. On several occasions after she entered the third grade, Ann managed to evade the defendant's attempts to repeat the penetration.[4] On one such occasion he threatened her with physical harm. However, on three or four other occasions while Ann was in the third grade, the defendant did manage to repeat his penetration of Ann's vagina. There was also a penetration in April, 1981.[5] Ann was

---

[4]One such occasion was in September, 1979.

[5]Ann's testimony that the last penetration occurred in April, 1981, was elicited on cross-examination after she had testified on direct examination to three or four occasions of penetration during the third grade. The de-

firm on the point that "a lot of it happened in 1980. I know that for sure." On this evidence, a judge would have denied a motion for a required finding of not guilty, and the defendant was not harmed by the failure to file the motion.

The Commonwealth concedes, however, that Ann entered the third grade in September, 1979, just after her eighth birthday. Thus evidence of the first rape — in the summer before Ann entered the third grade — occurred prior to September 30, 1979, the earliest permissible date within the ten-year period of limitations. It is this trial configuration — the introduction of evidence by the Commonwealth that the offense was committed both before and after September 30, 1979 — that gives rise to the argument we consider next.

3. *The failure of trial counsel to request instructions or special questions on the statute of limitations issue.* The defendant, as we have observed, has the burden of showing that the work of trial counsel was measurably below that of an ordinarily fallible lawyer, and that better work might have accomplished something material for the defense.

The motion judge, who was the trial judge, concluded that counsel had made the tactical decision which "focused chiefly and forcefully on the credibility of the complaining witness and because that focus clearly was rational and effective, although not ultimately persuasive, any error in failing to ask the jury to focus on the statute of limitations was not so egregious that the failure on its face demonstrated ineffective assistance of counsel. Counsel reasonably could have concluded that raising the issue would divert the jury's attention from the paramount question of the credibility of the complaining witness and, in the process, actually weaken the strength of defendant's attack on her credibility by combining it with what the jury might view as a defense based on a 'technicality.' "

The judge's remarks, while perhaps directed to counsel's examination of witnesses, are equally applicable to the absence of any request for instructions on the limitations issue;

---

fendant's argument that no date was specified by Ann after the summer of 1979 fails to take account of the penetration in April, 1981.

that, too, could reasonably have been a choice not to divert the jury's attention from the central issue of the credibility of Ann. The judge concluded that "the absence of any evidence of what counsel was actually thinking or planning means that defendant has not carried his burden of proving that failure to request an instruction on the question of the statute of limitations amounted to 'serious incompetency'. . . ." We cannot conclude that counsel's judgment was "manifestly unreasonable." See *Commonwealth* v. *Adams*, 374 Mass. 722, 728 (1978). See also *Commonwealth* v. *White*, 409 Mass. 266, 272 (1991) ("In cases where tactical or strategic decisions of the defendant's counsel are at issue, we conduct our review with some deference to avoid characterizing as unreasonable a defense that was merely unsuccessful").

The transcript provides no basis for disagreement with the judge. The cross-examination of Ann was skillful, well prepared, and, up to a point, effective. For example, using Ann's testimony before the grand jury, counsel succeeded in gaining her admission that "[i]t was over ten years ago and I don't remember a lot." In the end, of course, she could not be moved from her position: "Well, a lot of it happened in 1980. I know that for sure." Ann's insistence on an accusatory stance cannot be attributed to poor defense work.

Even if we were to conclude that counsel's work was seriously deficient, we would not conclude that better work would have made a material difference. This is not a case, such as *Commonwealth* v. *Frisino*, 21 Mass. App. Ct. 551 (1986), where the failure to limit the purpose of admitting impeaching hearsay statements "allowed a legally insufficient case to go to the jury." *Id.* at 555. Here, Ann testified merely that the defendant's acts *began* in the summer of 1979.[6] Later she testified that, in addition to several attempts at penetration during the 1979-1980 school year, one of which occurred in September, 1979, she was penetrated "three or four times" while she was in the third grade. The fact that

---

[6]"Of course evidence is not rendered inadmissible simply because it relates to a period when prosecution is barred by a statute of limitations. . . ." *United States* v. *Anzalone*, 783 F.2d 10, 11 (1st Cir. 1986).

there may have been a penetration prior to the permissible statutory period does not make such evidence inadmissible. " '[W]hen a defendant is charged with any form of illicit sexual intercourse, evidence of the commission of similar crimes [against the same victim] . . . if not too remote in time, is competent to prove an inclination to commit the act charged in the indictment . . . and is relevant to show the probable existence of the same passion or emotion at the time in issue.' " *Commonwealth* v. *Madyun*, 17 Mass. App. Ct. 965, 966 (1983), quoting from *Commonwealth* v. *Machado*, 339 Mass. 713, 715 (1959).

She also testified that "a lot of it happened in 1980," that there was a penetration in April, 1981, and she testified to a final unsuccessful attempt at penetration in June, 1981. We conclude that the exclusion of one occurrence of penetration in the summer of 1979, and one attempt in September, 1979 — the most that counsel could have accomplished — would have made no material difference to the outcome of this case. See *Commonwealth* v. *Fanelli*, 412 Mass. 497, 503 (1992) ("The record . . . does not show that defense counsel's performance 'deprived the defendant of an otherwise available, substantial ground of defence' ").

4. *The judge's failure to instruct the jury, sua sponte, regarding the limitations issue.* The defendant's argument on this issue is that the Commonwealth had the burden of proving, beyond a reasonable doubt, that the prohibited acts took place within the period of limitations, that is, after September 30, 1979. Failing such proof, the trial court was "without jurisdiction" to enter a judgment against the defendant. Because the judge, in ruling on the defendant's motions, found that the jury could have concluded from the evidence that no incident took place within the statutory period, and because the judge failed to instruct the jury on the limitation issue, the Commonwealth was relieved of its burden of proving that the prohibited acts occurred after September 30, 1979, shifting that burden, unconstitutionally, to the defendant.[7]

---

[7]The defendant relies on *Commonwealth* v. *Ciesla*, 380 Mass. 346 (1980), and *Commonwealth* v. *Cogswell*, 31 Mass. App. Ct. 691 (1991). Neither case helps the defendant. In *Ciesla*, the defendant raised the issue

The argument fails because of its faulty premise. The running of the statute of limitations does not affect the subject matter jurisdiction of the trial court. The statute "is an affirmative defense that in this State a criminal defendant must plead." *Commonwealth* v. *Steinberg*, 404 Mass. 602, 606 (1989).[8] There the court observed that a majority of the United States Circuit Courts of Appeal have expressed the same view, citing *United States* v. *Karlin*, 785 F.2d 90, 92-93 (3d Cir. 1986), cert. denied, 480 U.S. 907 (1987), where the cases are collected. The decisions of State courts, as well as some Federal courts, are collected in *State* v. *Littlejohn*, 199 Conn. 631, 639-640 (1986). See Smith, Criminal Practice and Procedure § 1321 (1983).

While the question of the waiver of the defense does not appear to have been discussed in our cases, those courts which hold that the statute of limitations is an affirmative defense generally hold that the defense may be waived by the defendant. The leading case appears to be *United States* v. *Wild*, 551 F.2d 418 (D.C. Cir. 1977), cert. denied, 431 U.S. 916 (1977). See Note, Waiver of the Statute of Limitations in Criminal Prosecutions: *U.S.* v. *Wild*, 90 Harv. L. Rev. 1550 (1977). See Smith, *supra*. While opinions differ as to the requirements for an effective waiver, *United States* v. *Karlin*, *supra* at 92-93, cited by the Supreme Judicial Court in *Commonwealth* v. *Steinberg*, *supra*, holds that the defense "will be considered waived if not raised in the district court before or at trial." Compare *United States* v. *Wild*, *supra*. As to the issue at hand then, the statute of limitations defense, not having been raised in the Superior Court, was waived, and the judge was not required, sua sponte, to instruct the jury on that issue.

---

of the statute of limitations, and the court held that where there are continuing acts in aid of the concealment of stolen property, and the last such act is within the period of limitations, then the prosecution is not barred. In *Cogswell*, the judge raised the issue of the statute of limitations, and we held that because there was no evidence that the prohibited conduct occurred within the period of limitations, the motion for a required finding should have been allowed.

[8]*Commonwealth* v. *Steinberg*, *supra*, arose in the context of grand jury proceedings, but the court's discussion of the subject makes clear that the principle is equally applicable to criminal trials.

5. *The failure of counsel to object to the prosecutor's closing argument.* Finally we have reviewed the defendant's claim that counsel failed to object to certain remarks made by the prosecutor in his closing argument. We have found no remarks so objectionable as to cause substantial prejudice to the defendant's case. See *Commonwealth* v. *Grimshaw*, 412 Mass. 505, 508 (1992) ("Regarding the prosecutor's use of 'the truth' in comparison with the various defense theories, the prosecutor interjected no extraneous material or belief, and, at most, he expressed his view of the strength of the evidence. This argument was proper").

*Judgment affirmed.*

*Order denying motion to set aside verdict and enter required finding of not guilty affirmed.*

*Order denying motion for a new trial affirmed.*