COMMONWEALTH *vs.* CHARLES BARRETT, SR.
(and twenty-three companion cases).

Berkshire. September 13, 1994. - November 10, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Limitations, Statute of. Practice, Criminal,* Waiver, Assistance of counsel.
*Waiver. Constitutional Law,* Assistance of counsel. *Indecent Assault
and Battery. Rape. Evidence,* Prior misconduct, Admissions and
confessions.

Where a defendant's trial counsel failed to move to dismiss twelve indict-
ments charging indecent assault and battery on a child under the age of
fourteen on the valid ground that prosecution was barred by the statute
of limitations, the defendant was denied effective assistance of counsel
and the convictions were ordered vacated and the indictments dis-
missed; further, where at the same proceeding the defendant was also
tried and convicted on twelve indictments charging rape of a child with-
out force and trial counsel failed to have excluded or to have moved to
limit the evidence of indecent assault and battery, the defendant was
prejudiced and so entitled to a new trial on the rape indictments. [792-
796]

INDICTMENTS found and returned in the Superior Court
Department on February 7, 1990.

The case was heard by *Daniel A. Ford,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Geri Laventis* for the defendant.

*Anne M. Kendall,* Assistant District Attorney, for the
Commonwealth.

LIACOS, C.J. On February 7, 1990, a Berkshire County
grand jury returned twenty-four indictments against the de-
fendant, Charles Barrett, Sr., twelve indictments charging
rape of a child without force, G. L. c. 265, § 23 (1992 ed.),
and twelve charging indecent assault and battery on a child

under the age of fourteen, G. L. c. 265, § 13B (1992 ed.). After a jury-waived trial, a judge of the Superior Court found the defendant guilty on all the indictments and sentenced him on each rape conviction to a term of from fifteen to twenty-five years at the Massachusetts Correctional Institution at Cedar Junction, and on each indecent assault and battery conviction to a term of from three to five years, the sentences to be served concurrently.[1] The defendant appealed from his convictions. The Appeals Court in an unpublished memorandum of decision entered pursuant to its Rule 1:28 vacated the defendant's convictions on the twelve indictments charging indecent assault and battery and reversed his convictions on the twelve indictments charging rape of a child without force. The Appeals Court concluded that the defendant was denied effective assistance of counsel when his trial counsel failed to move for a required finding of not guilty on the indictments charging indecent assault and battery on the ground that the statute of limitations had expired prior to the indictment of the defendant.[2] The Appeals Court also reversed the defendant's rape convictions because it found that his defense of the rape charges was impermissibly prejudiced by the admission in evidence of the various incidents of indecent assault and battery. We granted the Commonwealth's application for further appellate review.

We set forth only those portions of the trial testimony relevant to the issues presented to us. This case involves the al-

---

[1] On appeal to the Appellate Division of the Superior Court, the sentences on the rape convictions were reduced to a term of from twelve to eighteen years. G. L. c. 278, §§ 28A-28C (1992 ed.).

[2] The last of the alleged incidents of indecent assault and battery occurred in October, 1980. The six-year limitation on these offenses had expired in 1986, G. L. c. 277, § 63 (1986 ed.), about two years before the limitations statute was further amended. See G. L. c. 277, § 63, as appearing in St. 1987, c. 489. The amendment extended the limitations period until the complainant reached the age of sixteen. However, an amendment to the limitations statute cannot be applied retroactively to indictments already time barred. *Commonwealth* v. *Rocheleau*, 404 Mass. 129, 130 (1989). See note 3, *infra*. The Commonwealth does not contest this point on further appellate review.

leged sexual abuse of the complainant, a minor at the time of the alleged incidents, by the defendant who was then married to her paternal aunt. Although there was testimony from the complainant, now in her twenties, that the abuse began sometime in the summer of 1977, when she was about nine years old, the indictments focused on incidents of abuse occurring between October 2, 1979, and October 8, 1980.

The complainant testified that, beginning in the summer of 1977 and continuing until October 1980, the defendant regularly touched her chest and vagina, and also inserted his penis into her mouth at least once or twice a month in the period between October 2, 1979, and October 8, 1980. She testified that these incidents of indecent assault and battery and oral rape took place at the defendant's home. She specifically recalled that the abuse ceased in October, 1980, because it was also in that month that her parents separated and as a result she ceased visiting the defendant's household. The complainant also testified that she witnessed on one occasion in 1979 the defendant sexually abusing his stepson.

In addition to recounting the sexual abuse, the complainant testified to the circumstances surrounding her earliest disclosure of the abuse in 1989. She testified that in October of that year her aunt (the defendant's former wife) asked her whether the defendant had ever molested her. The complainant testified that her aunt explained that she wanted to know because she had some "suspicion" regarding the defendant's relationship with her sons. The defendant objected to this testimony, arguing that it was hearsay. The judge overruled the objection on the basis that the testimony was not being offered for the truth of the matter asserted but only to explain the circumstances surrounding the complainant's delayed disclosure.

Another of the Commonwealth's witnesses was the defendant's twenty-six year old daughter who testified that she was sexually abused by the defendant when she was a child. She testified generally that an incident of abuse occurred when she was four or five years old, in about 1968. She also testified that the defendant often touched her chest and that he

forced her to perform fellatio on him while they were in a church when she was "seven and ten years old." She further testified that the defendant performed oral sex on her, although the date of this incident was unclear, and that she witnessed "things" happen to her sister (not a witness at trial) on two occasions. On one of these occasions she and her sister were sexually molested by the defendant at the same time while in bed with him at a grandparent's house. She testified that the sexual abuse ceased completely when she was thirteen or fourteen years old, which would have been in 1977 or 1978.

The judge allowed the daughter's testimony de bene, over the defendant's objection, and later struck the testimony regarding the incident at the church as too remote in time and too dissimilar to be admitted as evidence of a course of conduct of the defendant. The remainder of the witness's testimony was admitted as evidence of the defendant's course of conduct.

The defendant's stepson testified that he was sexually abused by the defendant. He testified that in the fall of 1979 the defendant orally raped him while they were on a hunting trip together. The defendant objected to the witness's testimony at the outset and the judge admitted it de bene. At the conclusion of his stepson's testimony the defendant did not renew his objection or move to strike it.

At the close of the Commonwealth's case, the defendant's trial counsel made a motion for a required finding of not guilty on the indictments charging the defendant with rape of a child without force on the ground that the statute of limitations for these charges had expired. The defendant's motion was denied.[3] He did not move for a required finding

---

[3]Contrary to the defendant's arguments, the statute of limitations on the rape charges had not expired. At the time of the alleged incidents in 1979 and 1980, the statute provided for a six-year period of limitations. G. L. c. 277, § 63. This period was extended to ten years, effective September 30, 1985. St. 1985, c. 123. The new ten-year limitations period was to apply to offenses not time barred when the amendment took effect. *Commonwealth* v. *Cogswell*, 31 Mass. App. Ct. 691, 694 (1991), and cases cited. Therefore, the period of limitations was extended on the rape charges. In

on the indictments charging indecent assault and battery on a child under fourteen.

The Commonwealth does not contest the dismissal of the indecent assault and battery indictments. It concedes that, since the 1985 amendment to G. L. c. 277, § 63 (see note 3, *supra*), did not enlarge the time as to indecent assault and battery from six to ten years as it did in regard to rape of a child, the indecent assault and battery indictments were time barred. The Commonwealth does contend, however, that the evidence regarding the incidents of indecent assault and battery did not prejudice the defendant on the rape charges because the evidence would have been admissible even if the defendant had been tried on the rape charges alone as evidence "of prior conduct which tended to show a common scheme or course of conduct of the [d]efendant." Further, the Commonwealth argues that trial counsel did not seek a required finding as to these charges as a matter of trial strategy, namely, to give the judge the option of acquittal as to rape and guilty of the lesser (albeit, not included) offenses of indecent assault and battery. Thus, the Commonwealth argues, the defendant's trial counsel was not ineffective in failing to move for required findings of not guilty on the indecent assault and battery charges and the defendant's rape convictions should stand.

In general, failure by the defendant to assert that a limitations period has expired is a waiver of that defense. *Commonwealth* v. *Purinton*, 32 Mass. App. Ct. 640, 647 (1992), and cases cited. In the instant case, we agree with the Ap-

---

1987, the statute was amended again, effective February 6, 1988. St. 1987, c. 489. This amendment provided that, where the victim is under sixteen years of age at the time of the crime, the ten-year limitations period will not begin to run until the victim's sixteenth birthday or on report of the crime to a law enforcement agency, whichever occurs first. Because the rape offenses were not time-barred at the time this amendment became effective, the limitations period was extended by the amendment.

The complainant was born on January 7, 1969, and attained the age of sixteen on January 7, 1985. The indictments were returned on February 7, 1990, well within ten years of her sixteenth birthday. Thus, the twelve indictments charging rape of a child without force were not time barred.

peals Court that trial counsel's conduct in waiving the statute of limitations defense constituted ineffective assistance of counsel. See *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). We reach this conclusion even if we were to conclude that trial counsel's strategy was to leave the indecent assault and battery charges before the court to provide the judge with the option to convict the defendant of the indecent assault and battery charges and to acquit the defendant of the rape charges.

At the time the incidents occurred, "indecent assault and battery of a child . . . was not a lesser included offense within the crime of rape of a child." *Commonwealth* v. *LeFave,* 407 Mass. 927, 943 (1990), quoting *Commonwealth* v. *Reid,* 400 Mass. 534, 541 (1987). In these circumstances, we cannot classify trial counsel's conduct as valid trial strategy. As a result of the failure to move to dismiss the indictments charging indecent assault and battery, a large amount of testimony regarding those charges was admitted as direct evidence of guilt. The complainant testified to numerous incidents of indecent assault and battery, much of which was admitted substantively on the charges before the court. In addition, she testified that she witnessed the defendant's stepson being sexually abused. The defendant's daughter also testified to incidents of indecent assault and battery. The Commonwealth appears to claim that the admission of this evidence was "harmless error" because the evidence would have been admissible as evidence of a course of conduct of the defendant in sexually abusing children even if trial counsel had successfully moved to dismiss the indecent assault and battery indictments. For the reasons explained below, the Commonwealth's position must fail.

It is well settled that the prosecution may not introduce evidence of a defendant's prior or subsequent bad acts for the purpose of demonstrating bad character or propensity to commit the crime charged. *Commonwealth* v. *Jackson,* 417 Mass. 830, 835 (1994). *Commonwealth* v. *Montanino,* 409 Mass. 500, 505 (1991). *Commonwealth* v. *Helfant,* 398 Mass. 214, 224 (1986). However, such evidence may be ad-

missible, if relevant, to show a common scheme or course of conduct, a pattern of operation, absence of accident or mistake, intent, or motive. *Commonwealth* v. *Mamay*, 407 Mass. 412, 417 (1990). *Commonwealth* v. *Helfant, supra. Commonwealth* v. *King*, 387 Mass. 464, 472 (1982). *Commonwealth* v. *Fleury-Ehrhart*, 20 Mass. App. Ct. 429, 430 (1982). To be sufficiently probative the evidence must be connected with the facts of the case or not be too remote in time. *Commonwealth* v. *King, supra* at 469.

We have held that "when a defendant is charged with any form of illicit sexual intercourse, evidence of the commission of similar crimes by the same parties though committed in another place, if not too remote in time, is competent to prove an inclination to commit the [acts] charged in the indictment . . . and is relevant to show the probable existence of the same passion or emotion at the time in issue." *Commonwealth* v. *King, supra* at 470, quoting *Commonwealth* v. *Bemis*, 242 Mass. 582, 585 (1922). Evidence of similar misconduct may also be used to show the relationship between the defendant and the victim. *Commonwealth* v. *Young*, 382 Mass. 448, 463 (1981). *Commonwealth* v. *Calcagno*, 31 Mass. App. Ct. 25, 28 (1991).

When a court is presented with evidence of uncharged conduct by the defendant toward a child other than the complainant, the conduct in issue, to be admissible, must be closely related in time, place, and form of acts to show a common course of conduct by the defendant toward the two children so as to be logically probative. *Commonwealth* v. *King, supra* at 472. *Commonwealth* v. *Gallison*, 383 Mass. 659, 672 (1981). In other words, the conduct toward the children must form a "temporal and schematic nexus" which renders the evidence admissible to show a common course of conduct regarding the children. *Commonwealth* v. *King, supra* at 470. *Commonwealth* v. *Gallison, supra* at 673.

If the judge finds that the evidence in question meets the above requirements, he or she next must determine whether its probative value is outweighed by a risk of undue prejudice to the defendant. *Commonwealth* v. *Helfant, supra* at 225.

*Commonwealth* v. *Lanning*, 32 Mass. App. Ct. 279, 283 (1992). *Commonwealth* v. *Fleury-Ehrhart, supra* at 430-431. It is implicit in the general rule regarding the inadmissibility of prior bad acts evidence that the admission of such evidence carries with it a high risk of prejudice to the defendant. See *Commonwealth* v. *Montanino, supra* at 505; *Commonwealth* v. *Helfant, supra* at 224.

It is also true that such evidence is admitted not for the direct purpose of proving an element of the crime charged but merely as circumstantial evidence tending to establish, by inference, one factor relevant to the determination of guilt, e.g., the inference that motive leads to intent, or common scheme leads to the absence of mistake. *Commonwealth* v. *Helfant, supra. Commonwealth* v. *Trapp*, 396 Mass. 202, 206 (1985).

Thus, the question before us is whether the testimony regarding the incidents of indecent assault and battery would have been as admissible as course of conduct evidence had the indecent assault and battery indictments not been before the court. The Commonwealth suggests that we perform our own analysis of the testimony to determine whether it was admissible, but such an examination will not resolve the issue in this case. Here, there were twelve indictments before the court charging indecent assault and battery. Consequently, much of the evidence in this case, most explicitly the evidence of indecent assault and battery on the complainant between October, 1979, and October, 1980, was admitted as direct evidence of guilt on the indictments charging indecent assault and battery. In other words, it was admitted substantively on the issue of the defendant's guilt or innocence.

Because the indecent assault and battery charges were before the court throughout, the judge never had occasion to consider whether the testimony in question was sufficiently probative on the rape charges so as to be admitted as course of conduct evidence. Nor did the judge have the opportunity to weigh the probative value of the evidence against the risk of undue prejudice to the defendant. Thus, we are unable to ascertain how the judge would have ruled on the admissibil-

ity of the prior sexual misconduct evidence had the indictments charging indecent assault and battery charges not been before the court.

Furthermore, we cannot determine to what extent the judge, the finder of fact in this case, was influenced in his findings on the rape charges by the admission of testimony concerning indecent assault and battery. "It is very possible that the finding made by the judge was not at all affected by what he heard of the defendant's previous difficulties. We can only speculate upon the effect of that evidence. We are not in a position to say that it had none and such doubts as we entertain can only be resolved in favor of the defendant." *Commonwealth* v. *Welcome*, 348 Mass. 68, 70 (1964).

We think it clear that there has been a sufficient "showing that better work might have accomplished something material for the defense." *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977). Trial counsel's failure to move to dismiss the twelve indictments charging indecent assault and battery on a child under the age of fourteen resulted in the admission of a large amount of evidence. The bulk of this evidence was admitted without limitation and as direct evidence of the defendant's guilt, causing serious harm to the defendant's case. Therefore, we conclude that the defendant was denied his right to effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights. Trial counsel's conduct fell well below that expected of "an ordinary fallible lawyer . . . [and] deprived the defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974).

Accordingly, as to all the indictments, the judgments are reversed, and the findings are set aside. Those indictments charging the defendant with indecent assault and battery of a child under age fourteen must be dismissed because they are barred by the statute of limitations. As to the indictments charging the defendant with rape of a child without

force, the cases are remanded to the Superior Court for a new trial.[4]

*So ordered.*

---

[4]In the view we take, we need not consider the defendant's other claims of error, except one. The defendant contends, as to the rape charges, that there was insufficient evidence to warrant conviction and, hence, a retrial. Our review of the record reveals there was ample evidence of oral penetration of the complainant, if believed, on at least twelve occasions in the period October 2, 1979, to October 8, 1980, to warrant conviction. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-678 (1979). Rape has been defined as involving any unconsented penetration of any orifice of the body. See G. L. c. 265, § 23; *Commonwealth* v. *Gallant*, 373 Mass. 577, 584-585 (1977).