COMMONWEALTH *vs.* ARTHUR T. WATERS.

Middlesex. March 9, 1995. - May 8, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, & GREANEY, JJ.

*Constitutional Law*, Admissions and confessions, Search and seizure. *Evidence*, Admissions and confessions. *Search and Seizure*, Probable cause. *Practice, Criminal*, Loss of evidence by prosecution, Required finding, Capital case. *Rape. Homicide.*

At a murder trial the judge correctly denied the defendant's motion to suppress his statements to police where the record supported the judge's findings that the defendant understood and freely, knowingly and intelligently waived his Miranda rights, and that the defendant's statements were beyond a reasonable doubt made voluntarily and were the product of a rational mind. [277-278]

A defendant charged with murder had no standing to challenge an allegedly unlawful search of certain premises in which he had no expectation of privacy, nor was the police conduct in the circumstances of a nature to justify granting the defendant the right to challenge the allegedly unlawful search under a "target standing" theory. [278]

The judge at a murder trial correctly declined to dismiss the indictments on the ground that the police had destroyed a tape recording of dispatch calls and telephone calls to a police station on the date of the murder, where the record warranted the judge's conclusions that the police were at most negligent and that the defendant had not demonstrated a reasonable possibility that the lost material would have produced evidence favorable to him; moreover, error, if any, would not have been prejudicial, in light of the overwhelming evidence of the defendant's guilt. [279]

Evidence at the trial of indictments for rape and first degree murder warranted the jury's findings of guilty beyond a reasonable doubt. [279-280]

INDICTMENTS found and returned in the Superior Court Department on March 17, 1992, and September 1, 1992, respectively.

Pretrial motions to suppress evidence were heard by *Elizabeth J. Dolan,* J., and the cases were tried before her.

*Raymond A. O'Hara* for the defendant.

*Annemarie Relyea-Chew,* Assistant District Attorney (*David P. Linsky,* Assistant District Attorney, with her) for the Commonwealth.

WILKINS, J. The defendant appeals from his conviction (on all three theories) of murder in the first degree and of aggravated rape.[1] The victim had been raped and stabbed to death on February 17, 1992, in her Framingham apartment. The defendant (1) challenges the denial of pretrial motions to suppress evidence, (2) argues that the loss of potentially exculpatory evidence required dismissal of the indictments, (3) claims that the evidence did not support the verdicts, and (4) seeks relief under G. L. c. 278, § 33E (1992 ed.). We affirm the convictions.

1. The judge did not err in denying the defendant's motion to suppress evidence of his statements made to the Framingham police. After the victim's body was found, attention focused on the defendant. The defendant, aware that the police wanted to talk with him, went to the Framingham police station in the evening of the day on which the victim's body was found. The motion judge, who was the trial judge, rejected the defendant's claim that he had been in a confused, intoxicated, and threatened state of mind when he spoke to the police. She found rather that the Commonwealth had proved beyond a reasonable doubt that the police gave the defendant Miranda warnings and that the defendant understood and freely, knowingly, and intelligently waived his rights. The judge also found that incriminating statements, such as the defendant's admission that he had been in the victim's apartment on the night of her death, were beyond a reasonable doubt made voluntarily and were the product of a rational intellect.

---

[1]The defendant was also convicted of attempted aggravated rape. That conviction was placed on file without objection. The judge sentenced the defendant to consecutive life sentences on the other two convictions.

We see no basis for rejecting the judge's comprehensive findings of fact or the conclusions that she drew from those facts. See *Commonwealth* v. *Cook*, 419 Mass. 192, 200-201 (1994); *Commonwealth* v. *Williams*, 388 Mass. 846, 851 (1983).[2]

The defendant next argues that a search at an apartment in Framingham pursuant to a search warrant was unlawful because issuance of the warrant was not supported by probable cause. He claims that the search was designed to obtain statements from one Miller, who was in the apartment searched, concerning the defendant's recent activities. The defendant had no expectation of privacy in the searched premises. No physical evidence from the search was admitted against the defendant. The judge denied the defendant's motion to suppress Miller's testimony, concluding that, even if the warrant had not been issued on probable cause, Miller should not be precluded from testifying at trial because the defendant had no standing to challenge the allegedly unlawful entry.

The judge was correct in ruling that the police conduct was not serious, distinctly egregious misconduct that might justify granting the defendant the right (under the "target standing" theory) to challenge the allegedly unlawful search. See *Commonwealth* v. *Scardamaglia*, 410 Mass. 375, 376, 379-380 (1991); *Commonwealth* v. *Price*, 408 Mass. 668, 673-674 (1990). In any event, the suppression of a witness's testimony is relief well beyond the suppression of physical evidence and calls for a level of suppression that we are not inclined to recognize. See *Commonwealth* v. *Scardamaglia*, *supra*.

---

[2]The defendant objects to the admission of evidence obtained pursuant to a search warrant that was issued on the basis of statements that he had made to the police. His argument that his motion to suppress that evidence should have been allowed is based on his earlier claim that his statements to the police were unlawfully obtained and thus that the search warrant should not have been issued. Because the earlier argument has failed, so must this one.

2. The judge properly denied the defendant's motion to dismiss the indictments. The defendant argues that the police destroyed crucial evidence when a tape recording of radio dispatch calls and telephone calls to the police station on February 17, 1992, was erased. The judge found that the tape for February 17 had been erased but not intentionally or in bad faith. The defendant, whose counsel had been promptly told of the mistake once it was discovered, was allowed to depose many individuals, police and civilian, concerning their roles in the investigation of the murder on that day. ,

The judge applied the appropriate test by assessing the culpability of the Commonwealth, the materiality of the lost evidence, and the potential prejudice to the defendant. See *Commonwealth* v. *Lydon*, 413 Mass. 309, 317 (1992); *Commonwealth* v. *Henderson*, 411 Mass. 309, 310 (1991). An appellate court will not disturb a motion judge's findings in such a circumstance in the absence of clear error. See *Commonwealth* v. *Lydon, supra*; *Commonwealth* v. *Otsuki*, 411 Mass. 218, 230 (1991).

The judge concluded that the police had been at most negligent, that the prospect of any material evidence being on the tapes was not great, and that the defendant had not established a reasonable possibility, based on concrete evidence, that the lost material would have produced evidence favorable to his cause. A review of the record shows that the judge's conclusions were warranted. Moreover, the defendant's opportunity to depose numerous people who had been involved in the investigation tends to mitigate the police mistake. See *Commonwealth* v. *Wilson*, 381 Mass. 90, 115 (1980). The overwhelming evidence of the defendant's guilt suggests also that the error could not have been prejudicial to him. See *Commonwealth* v. *Otsuki, supra* at 231-232.

3. The judge correctly denied the defendant's motions for required findings of not guilty.

With respect to the rape charge the defendant argues that the Commonwealth proved neither the victim's lack of consent to sexual intercourse nor the fact that she was alive at

the time of any rape. The evidence certainly warranted a finding beyond a reasonable doubt that the defendant had had sexual intercourse with the victim without her consent. There was evidence that the victim had had sexual intercourse, that she had received twenty-six stab wounds while alive, some of which were severe, defensive stab wounds, and that she had cried for help. In the circumstances of one continuous event, it does not matter whether the victim's death preceded or followed the sexual attack. See *Commonwealth v. Tarver*, 369 Mass. 302, 315 (1975).

The evidence warranted the jury's verdict of murder in the first degree. The jury were warranted in finding beyond a reasonable doubt that the defendant deliberately premeditated the victim's death, in spite of the defendant's claim that he was impaired by the consumption of drugs. The number of stab wounds inflicted on the then-living victim justifies the conviction based on extreme atrocity or cruelty.

4. There is no basis for granting relief under G. L. c. 278, § 33E.

*Judgments affirmed.*