NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-854

COMMONWEALTH

vs.

EFRAIN NIEVES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a District Court trial, a jury found the defendant, Efrain Nieves, guilty of two counts of indecent assault and battery on a person fourteen or over, G. L. c. 265, § 13H. The victim was his stepdaughter, who was sixteen years old at the time of the offenses. On appeal, the defendant argues that (1) the judge erred in admitting other bad act evidence consisting of the victim's testimony that Nieves gave her marijuana, (2) portions of the prosecutor's closing argument created a substantial risk of miscarriage of justice, and (3) trial counsel was ineffective. Seeing no errors, we affirm the judgments.

1. Prior bad acts. Before the jury were empaneled, and in response to the defendant's motion in limine, the judge asked the parties about the purpose of the prosecution's anticipated evidence that the defendant gave marijuana to the victim. Both parties agreed that the evidence was relevant to the nature of the relationship between the defendant and the victim. The judge specifically asked whether defense counsel objected to the marijuana testimony, and whether its prejudicial effect outweighed its probative value. Counsel answered both questions in the negative. The judge admitted the testimony subject to a limiting instruction, which she gave once during the victim's direct testimony and again following closing arguments.

Reversing course on appeal, the defendant argues that the testimony's unfair prejudicial effect outweighed its probative value and that its admission created a substantial risk of miscarriage of justice. A substantial risk of a miscarriage of justice exists where there is "serious doubt whether the result of the trial might have been different had the error not been made." Commonwealth v. LeFave, 430 Mass. 169, 174 (1999).

Evidence of a defendant's prior bad acts is not admissible to show "bad character or propensity to commit the crime charged" but may be admitted where relevant for a nonpropensity purpose, such as to show "a common scheme, pattern of operation, absence of accident or mistake, identity, intent, or motive."

2

Commonwealth v. Helfant, 398 Mass. 214, 224 (1986). See Mass. G. Evid. § 404(b)(2) (2025). Where a defendant is charged with sexual assault, "some evidence of uncharged conduct may be admissible to give the jury a view of the entire relationship between the defendant and the alleged victim, and the probative existence of the same passion or emotion at the time in issue" (quotation and citation omitted). Commonwealth v. Dwyer, 448 Mass. 122, 128-129 (2006). However, such evidence should not be admitted if its probative value is outweighed by the risk of unfair prejudice to the defendant. See Commonwealth v. Crayton, 470 Mass. 228, 249 (2014). See also Mass. G. Evid. § 404(b)(2).

As an initial matter, "[t]o be sufficiently probative the evidence must be connected with the facts of the case or not be too remote in time." Commonwealth v. Barrett, 418 Mass. 788, 794 (1994). The evidence here met this requirement, because it showed that the defendant provided marijuana to the same victim, in the same location (the victim's bedroom), and within the same timeframe as the charged conduct.

Further, the evidence was relevant to shed light on the relationship between the defendant and victim. See Commonwealth v. Nascimento-Depina, 496 Mass. 1, 9 (2025). The victim testified that the defendant would enter her room, give her marijuana cartridges (which she smoked using a vape pen), and talk with her. He brought her the cartridges "often," about

3

biweekly.  He sometimes stayed in her room, and they smoked marijuana together.  This context sheds light on the relationship between the defendant and the victim, especially where both charged offenses occurred in her bedroom and one occurred when she was "[v]ery high" from smoking marijuana he had provided.

The judge's balancing of the probative value and prejudicial effect of the marijuana testimony is implicit in the fact that she pressed the Commonwealth on the morning of trial to identify the purpose and scope of that testimony.  See Commonwealth v. Samia, 492 Mass. 135, 148 (2023).  Moreover, she asked defense counsel if he agreed that the prejudicial effect did not outweigh the probative value, which he did.  "This is not a case where the judge failed to exercise any discretion by making no effort at all to scrutinize the contested evidence" (quotation and citation omitted).  Commonwealth v. West, 487 Mass. 794, 807 (2021).

Any risk of unfair prejudice to the defendant was limited. The uncharged conduct (providing the victim with marijuana) was quite distinct from the charged conduct, indecent assault and battery.  Thus, the jury were unlikely to confuse them or make the forbidden inference that, simply because the defendant had on other occasions engaged in inappropriate conduct by providing marijuana to his stepdaughter, the defendant must also have

4

engaged in the charged conduct of indecent assault and battery. See Crayton, 470 Mass. at 251.

Further, the judge, sua sponte, followed the favored practice of giving "contemporaneous limiting instructions," Commonwealth v. Facella, 478 Mass. 393, 402 (2017), and repeating them in her final charge. See Commonwealth v. Walker, 442 Mass. 185, 202 (2004) (risk of prejudice from prior bad act testimony "sufficiently ameliorated by the judge's limiting instructions, given immediately after the testimony and repeated during the final instructions"). We presume the jury followed these instructions. Commonwealth v. Donahue, 430 Mass. 710, 718 (2000).

We are unpersuaded by the defendant's argument that the limiting instructions, rather than mitigating unfair prejudice, reinforced the Commonwealth's theory that the defendant was "grooming" the victim. The instructions were in line with the model jury instruction. See Superior Court Criminal Practice Jury Instructions § 7.6.2 (2018). They made no specific mention of grooming, but merely, and accurately, informed the jury that they were to consider the marijuana testimony only for the limited purpose of illustrating "the nature of the relationship" between the parties.

2. Closing argument. The defendant argues that the prosecutor's closing argument contained two errors. As the

5

defendant did not timely object, we review his claims to determine whether any errors created a substantial risk of a miscarriage of justice. See Commonwealth v. Kozec, 399 Mass. 514, 518 n.8 (1987). "[T]he cumulative effect of all the errors must be considered in the context of the arguments and the case as a whole" (quotation and citation omitted). Commonwealth v. Niemic, 472 Mass. 665, 673 (2015), S.C., 483 Mass. 571 (2019).

First, the prosecutor argued that the reason the defendant had testified inconsistently on how many times he gave the victim marijuana was that "he knows that that behavior is strongly incriminating evidence. That was where he was most evasive because he knows that that behavior shows that he's most guilty." The defendant contends that this argument is impermissible under Kozec, 399 Mass. at 523-524. But in Kozec, supra, the prosecutor unjustifiably asked the jury to draw an inference of guilt from the defendant's demeanor while merely sitting in the courtroom, watching a different witness testify. Here, the prosecutor asked the jury to notice inconsistencies in the defendant's testimony and infer from them that he was guilty. See Commonwealth v. Sanchez, 96 Mass. App. Ct. 1, 10 (2019) (prosecutor permitted to argue on basis of evidence). "The weight and credibility of the evidence is the province of the jury," so determining whether the defendant appeared credible was squarely within the jury's role, Commonwealth v.

6

Dubois, 451 Mass. 20, 28 (2008), and thus a permissible subject of argument.  We see no error.

Second, the prosecutor argued that the defendant's escalating behavior with the victim was a part of his plan to sexually assault her.  He stated, the "evidence shows that the [d]efendant [was] giving [marijuana] to [the victim] to make her dependent on him for it, to make her less likely to resist or be able to say no, to addle her judgment."

> "And this evidence shows that this was his plan all along. . . .  It starts with the kiss and then the marijuana dab pen.  That then escalates to the touching around the waistband, when he's still giving her marijuana at that time in the relationship.  And then, finally, it progresses to him coming in, in the middle of the night, after she's been smoking marijuana, and penetrating her vagina.  The [d]efendant is pushing at each step of the way to see what he can get away with, and the marijuana is a crucial part of that way."

The defendant contends that no such evidence was presented to the jury.  Yet, the victim testified that the defendant provided her with marijuana.  She testified that he asked to kiss her when they were alone in the car together.  She also recounted that the defendant inappropriately touched her at least twice, including around her waistband.  During the second incident, the victim was "[v]ery high" on marijuana that she received from the defendant, which she had smoked the night before.  A prosecutor is permitted to argue for a conviction based on "inferences that

7

may reasonably be drawn from the evidence," and the prosecutor did so here. Kozec, 399 Mass. at 516. We see no error.

Even if any statement was impermissible, there was no substantial risk of a miscarriage of justice. The judge gave general limiting instructions that closing argument is not evidence, lawyers are not witnesses, and it is the role of the jury to determine the credibility of the witnesses and the facts of the case. These instructions served to mitigate potential prejudice to the defendant. See Commonwealth v. Kapaia, 490 Mass. 787, 803-804 (2022). Accordingly, and after considering the prosecutor's comments in the context of the entire argument and the case as a whole, see Niemic, 472 Mass. at 673, we conclude that any error did not create a substantial risk of a miscarriage of justice.

3. Ineffective assistance of counsel. The defendant argues that trial counsel was ineffective in failing to object to the marijuana testimony and the Commonwealth's closing argument. To prevail on a claim of ineffective assistance of counsel, a defendant must establish that counsel's performance fell "measurably below that which might be expected from an ordinary fallible lawyer" and "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). The defendant must show that "better work might have accomplished

8

something material for the defense."  Commonwealth v.

Satterfield, 373 Mass. 109, 115 (1977).

A direct appeal on the trial record, such as the defendant

pursues here, is the weakest form of such a challenge, as it

lacks an explanation of counsel's strategy.  Commonwealth v.

Peloquin, 437 Mass. 204, 211 n.5 (2002).  See Commonwealth v.

Zinser, 446 Mass. 807, 808 n.1 (2006) (preferred route for

ineffective assistance claim is by motion in trial court).

Further, objections to the marijuana testimony and closing

argument would have been futile, as there was no error in

admitting the testimony and permitting the argument, so

counsel's failure to object was not deficient, let alone

manifestly unreasonable.  Cf. Commonwealth v. Lally, 473 Mass.

693, 703 n.10 (2016) (counsel not ineffective in failing to file

motion that would have accomplished nothing material for

defense).  In short, counsel's performance did not "deprive[]

the defendant of an otherwise available, substantial ground of defence."  Saferian, 366 Mass. at 96.

Judgments affirmed.

By the Court (Sacks, Englander & Walsh, JJ.[1]),

*Paul Little*

Clerk

Entered: July 24, 2025.

---

[1] The panelists are listed in order of seniority.